AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Nicholous PHILLIPS<br><br>*Defendant(s)* | Case No. 19-MJ-4161 |

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
NOV 19 2019
MITCHELL R. ELFERS
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 15, 2019__ in the county of __Bernalillo__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) and 924(a)(2) | On or about the above dates, Nicholous PHILLIPS, a convicted felon, possessed a firearm and ammunition that traveled in and affected interstate commerce. |
| 21 U.S.C. 841(a)(1) and 841(b)(1)(B) | On or about the above dates, Nicholous PHILLIPS did possess with intent to distribute a controlled substance, to wit: methamphetamine. |
| 18 U.S.C. 924(c)(1)(A)(i) | On or about the above dates, Nicholous PHILLIPS did possess a firearm a firearm during and in relation to and in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Samuel Supnick, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/19/2019

*Judge's signature*

City and state: Albuquerque, NM

Jerry H. Ritter   U.S. Magistrate Judge
*Printed name and title*

Criminal Complaint - Continued.

United States of America
        V.
Nicholous PHILLIPS
SSN: 2061

1. I, Samuel Supnick, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed with ATF since January of 2017. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Title 18, 21, and 26, United States Code.

3. Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic Training Program at the ATF National Academy. During these programs, I received instruction in and practiced the investigation of violations of federal firearms, explosives, and arson statutes. Prior to employment with ATF, I served for three and a half years as a local police officer. My training and experience has involved, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of firearms; (5) the execution of arrest and search warrants seeking firearms and narcotics (6) and firearms trafficking.

4. The statements contained in this affidavit are based, in part, on information provided by Special Agents and/or Task Force Officers of the ATF and other law enforcement officers, and on my background and experience as a Special Agent of the ATF.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On November 15, 2019, your Affiant was contacted by officers of United States Probation, District of New Mexico, in reference to Nicholas PHILLIPS. It is known to your Affiant that PHILLIPS is a convicted felon, having been convicted of a violation of Title 18 U.S.C. 922(g)(1), in case number 09-CR-3601 in the United States District Court for the District of New Mexico. It is known to your Affiant that individuals convicted of

**Page 3 of 5 Pages**

Criminal Complaint - Continued.

United States of America
             V.
Nicholous PHILLIPS
SSN: 2061

---

felony charges in the Federal District of New Mexico are advised that they are prohibited from possessing firearms.

7. Your Affiant later determined that PHILLIPS has been convicted of Aggravated Assault with a Deadly Weapon and Tampering with Evidence in cause number D-202-CR-200602643 in the Second Judicial District of New Mexico. You Affiant also determined that PHILLIPS has been convicted of Trafficking Controlled Substance (Cocaine) in cause number D-809-CR-200400019, Aggravated Battery (Deadly Weapon) in cause number D-809-CR-200500018, and Shooting at a Motor Vehicle and Possession of a Firearm by a Felon in cause number D-809-CR-200700092 in the Eighth Judicial District of New Mexico.

8. Your Affiant was advised the following in conversations with several United States Probation Officers (USPO's), and the following is a summary of multiple conversations with several USPOs and not a verbatim transcription of those interactions:

9. On the evening of November 15, 2019, USPOs attempted to contacted PHILLIPS, who is under federal supervision for the above-listed Federal case, at his reported residence, 10012 Cochiti Road SE, Albuquerque, New Mexico. Per PHILLIPS's report to his supervising USPO, he is the only person who resides at that address. At the first attempt of contact, PHILLIPS was not home. USPOs left the area, and returned at approximately 8:30 PM. When they returned, PHILLIPS was encountered in the driver's seat of a white Dodge Ram 2500 truck with rear New Mexico license plate "ALKZ95." A New Mexico vehicle registration query later conducted by your Affiant revealed that this vehicle is registered to PHILLIPS. PHILLIPS exited the vehicle. A USPO asked PHILLIPS if they could look in the vehicle, and PHILLIPS consented. Phillips approached the front door of 10012 Cochiti Road SE and began to unlock it.

10. As PHILLIPS was at the front door, a black backpack was located behind the driver's seat of the vehicle. This backpack was found to contain narcotics paraphernalia, and USPOs later found suspected methamphetamine, and a substance recognized by your Affiant as marijuana.

11. Custody of the above backpack and its contents was turned over by USPOs to your Affiant. Your Affiant later observed that they included the following (all weights are approximate and include packaging materials): 482.3 grams of suspected methamphetamine in sealed packaging, 122.0 grams of methamphetamine in plastic Ziploc-type bag (field tested positive for methamphetamine), 4.0 grams of suspected

Criminal Complaint - Continued.

United States of America
        V.
Nicholous PHILLIPS
SSN: 2061

Lysergic acid diethylamide (LSD), 3.9 grams of suspected suboxone strips, 42.6 grams of marijuana, assorted packaging and distribution materials (to include bags and a scale), small amounts of unknown substances, assorted pieces of identification belonging to persons other than PHILLIPS, and assorted controlled substance-related paraphernalia.

12. As the backpack was being searched on scene by USPOs, PHILLIPS rapidly entered the residence despite commands to stay outside. USPO's retreated to a position of cover. Shortly thereafter, PHILLIPS was observed inside of the above address through the glass front door holding what a USPO immediately identified to be a handgun. A USPO observed PHILLIPS point the firearm at his own head. PHILLIPS was contacted by phone by a USPO, who asked him if he had a gun. PHILLIPS responded that he had a Glock. Officers of the Albuquerque Police Department responded to assist the USPOs on scene. USPOs on scene obtained an emergency arrest warrant for PHILLIPS. The APD units that were on scene departed.

13. Your Affiant arrived on scene as the APD units were departing. A USPO was still in contact by phone with PHILLIPS, who agreed to exit the structure. A vehicle and multiple subjects were seen coming and going from the vicinity of 10012 Cochiti Road SE. It is unknown if they were related to PHILLIPS, or if they entered the above premises or an adjacent structure. Due to safety concerns of multiple mobile subjects, your Affiant ordered the USPOs on scene to withdraw. Your Affiant withdrew with the USPOs. To your Affiant's knowledge, no law enforcement were present on scene or in the vicinity of 10012 Cochiti Road SE for a short period of time.

14. APD units returned to the vicinity and located PHILLIPS, who was taken into custody walking down the street with his hands up. APD units made announcements to any potential occupants of 10012 Cochiti Road SE. After no response, a protective sweep of the premises was conducted, as USPOs were planning to search the premises under the search condition of PHILLIPS's supervision. An APD officer assisting in the sweep observed in plain view, a lower receiver for a Glock pistol, or pieces thereof. The officer identified it as a Glock component due to his training, knowledge, and experience. It is your Affiant's knowledge that Glock pistols are not manufactured in the State of New Mexico. Following the protective sweep of the premises, your Affiant ordered the premises secured pending your Affiant obtaining a search warrant.

15. Your Affiant obtained a Federal Search Warrant for the premises of 10012 Cochiti Road SE, which is located in the Federal District of New Mexico, and the vehicle PHILLIPS

Criminal Complaint - Continued.

United States of America
        V.
Nicholous PHILLIPS
SSN: 2061

---

had previously exited. This warrant was executed during the early morning hours of November 16, 2019. During the search of the premises, a Glock pistol frame, cut or broken into two (2) pieces and bearing serial number VZF110, was recovered from the kitchen area. Per ATF's Acceptable Destruction Procedures, a firearm must be cut in at least three (3) critical locations. Per the same publication, an unserviceable firearm is not destroyed and is still regulated as a "firearm" under Federal law. Two (2) partially destroyed or melted firearm magazines were recovered from a trash can in the kitchen area. Twenty-six (26) rounds of .40 S&W caliber ammunition were recovered from a can of gasoline in the workshop area. Approximately twenty-five (25) of these rounds bore a Hornady-brand headstamp. It is your Affiant's knowledge that Hornady-brand ammunition is not manufactured in the State of New Mexico.

16. Based upon these facts, your Affiant opines there is probable cause to believe that Nicholous PHILLIPS, a previously convicted felon, possessed a firearm and ammunition that have traveled in interstate commerce, in violation of Title 18 U.S.C. § 922(g)(1) and Title 18 U.S.C. § 924(a)(2). Your Affiant additionally opines that there is probable cause to believe that Nicholous PHILLIPS possessed methamphetamine, a schedule II controlled substance, with the intent to distribute, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B). Finally, your Affiant additionally opines that there is probable cause to believe that Nicholous Phillips possessed a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1)(A)(i).

Respectfully submitted,

Samuel Supnick
Special Agent
ATF

Subscribed and sworn to before me
on November 18, 2019:

UNITED STATES MAGISTRATE JUDGE