IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Cause No. 19 CR 4440 MV |
| NICHOLOUS PHILLIPS, | § § § | |
| Defendant. | § | |

## UNOPPOSED MOTION TO CONTINUE TRIAL
## AND TO EXTEND TIME TO FILE MOTIONS

NICHOLOUS PHILLIPS, through his undersigned counsel, respectfully moves the Court to continue the trial currently set for January 27, 2020 for approximately 60 days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Phillips would show the Court the following:

1. Mr. Phillips was indicted on December 3, 2019, on counts of possession of methamphetamine with the intent to distribute and felon in possession of a firearm. Doc. 4. He was arraigned on December 6, 2019, and on December 10, this Court set his case for trial on January 27, 2020, with a calendar call on January 10. The general motions deadline is December 26, Doc. 13.

2. On December 12, the government filed a motion for a Rule 17(c) subpoena for lapel camera footage of the incident where Mr. Phillips was arrested. Doc. 18. The criminal complaint describes a long standoff. The Rule 17(c) motion requests what could

be hours of lapel camera footage of thirteen officers, and review of this discovery will be extremely time consuming.

3.     Because discovery will not be complete before relevant deadlines arrive and because it will be voluminous, additional time is needed to investigate this case.  It is also possible that expert witnesses will be required, depending upon what is revealed by the discovery.  As of the date of the filing of this motion, none has been received.  However, the prosecutor advises the defense should have it soon, and this motion is filed only a week after the arraignment.

4.     Additionally, Mr. Phillips is potentially subject to treatment as both a career offender and an armed career criminal.  While this Court previously sustained Mr. Phillips' objection to the PSR's conclusion he was ACCA eligible, imposing a sentence of sixty months for a felon in possession charge in 09 CR 3601, significant Tenth Circuit and Supreme Court decisions since that time will require a re-assessment of his priors under current case law, and this must also be completed before counsel will be in a position to fully advise Mr. Phillips concerning his case.

5.     The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial.  Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy case loads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the

right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. "The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance ... is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Denial of adequate time to receive and evaluate discovery, prepare the case, including the time to fully assess the information provided by the government and by the defense's own investigation in order to permit the defendant an opportunity to make a fully informed decision about whether to enter a guilty plea or take the case to trial; and requiring trial before the investigation is complete, before Mr. Phillips has an opportunity to make fully informed decisions about whether or not to proceed to trial, would risk a denial of Mr. Phillips' rights to due process and effective assistance of counsel.

6. Effective assistance of counsel requires the evaluation and discussion of plea

possibilities.  *Missouri v. Frye,* 566 U.S. 133 (2012).

7. Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act.  *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

8. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.  In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."   18 U.S.C. § 3161(h)(7)(B)(iv).

9. Mr. Phillips is in custody.

10.     The undersigned has conferred with Assistant United States Attorney Jaymie Roybal, who does not object to the relief requested.

WHEREFORE, Mr. Phillips respectfully moves this Court to vacate the trial setting of January 27, 2020, and continue it for approximately 60 days, and to grant a corresponding extension of time to file motions.

                Respectfully submitted,

                FEDERAL PUBLIC DEFENDER
                111 Lomas NW, Suite 501
                Albuquerque, NM 87102
                (505) 346-2489

                *[Electronically filed on 12/13/19*
                Kari Converse
                *Attorney for Mr. Phillips*