IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                                  CR. NO. 19-CR-4440 MV

**NICHOLOUS PHILLIPS,**

        **Defendant.**

**THIRD UNOPPOSED MOTION TO CONTINUE TRIAL
AND MOTION TO EXTEND TIME TO FILE MOTIONS**

NICHOLOUS PHILLIPS, through his undersigned counsel, respectfully moves the Court to continue the trial currently set for May 18, 2020 for forty-five (45) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Phillips would show the Court the following:

1. Mr. Phillips was indicted on December 3, 2019, on counts of possession of methamphetamine with the intent to distribute and felon in possession of a firearm. Doc. 4. He was arraigned on December 6, 2019, Doc. 13. Two prior continuances have been granted, one requested by prior counsel, Doc. 19 and 22, and one requested by undersigned counsel, Doc. 29 and 30. On February 27, 2020, this Court set his case for trial on May 18, 2020, with a calendar call on May 8, 2020, Doc. 30.

2. After the Court granted prior counsel's motion to withdraw, undersigned counsel was appointed to represent Defendant on February 10, 2020, Doc. 27 and 28. Prior counsel subsequently mailed undersigned counsel a copy of the discovery prior counsel previously

received in this case. Undersigned counsel has reviewed said discovery and is completing his analysis of the same.

3. Undersigned counsel has met with Defendant at the Cibola County Detention Center on February 24, 2020 and March 2, 2020 in order to review discovery and discuss with Defendant an outstanding plea offer previously tendered to the Defendant by the government as well as possible defenses. Undersigned counsel has requested an appointment to meet with the Defendant next week on April 7, 2020 and anticipates that the Cibola County Detention Center will schedule the requested appointment. Communication with clients at the Cibola County Detention Center ("Cibola") is generally problematic given the limited space available at that facility for attorney / client contact visits and has been aggravated in this case by the current pandemic and Defendant detention in a segregation unit.

4. In light of the fact that Defendant is potentially subject to sentencing both as a career offender and an armed career criminal offender, Defendant and undersigned counsel require additional time to thoroughly review and analyze the voluminous discovery in this case and make a final decision regarding how Defendant will proceed in this case.

5. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be

> done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Undersigned counsel requires adequate time to receive and evaluate all discovery, prepare the case, including the time to fully assess the information provided by the government and by the defense's own investigation in order to permit the defendant an opportunity to make a fully informed decision about whether to enter a guilty plea or take the case to trial. Requiring Defendant to proceed to trial prior to having an opportunity to utilize additional time to make a fully informed decision would risk a denial of Defendant's rights to due process and effective assistance of counsel.

6. Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

7. Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States*

*v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

8. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9. The Defendant is in custody.

10. The undersigned has conferred with Assistant United States Attorney Jaymie Roybal, who does not oppose the relief requested.

WHEREFORE, Defendant Nicholous Phillips respectfully moves this Court to vacate the trial setting of May 18, 2020 and continue said trial for forty-five (45), and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
1905 Lomas Blvd, NW
Albuquerque, NM 87104
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of April 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By:     */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.