IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                         No. 19-CR-4440-MV

NICHOLOUS PHILLIPS,

        Defendant.

**DEFENDANT NICHOLOUS PHILLIPS' MOTION OBJECTING TO THE APPLICABILITY OF THE ARMED CAREER CRIMINAL ACT (ACCA) PROVISION OF 18 U.S.C. § 924 TO THIS CASE**

Defendant Nicholous Phillips (Mr. Phillips), by and through his counsel of record, Romero & Winder, PC (Joe M. Romero, Jr.), hereby respectfully requests a finding by this Court that the Armed Career Criminal Act (ACCA) provision of 18 U.S.C. §924 does not apply to this case. under § 30-3-8(b) is not a predicate violent felony under the ACCA. As grounds, Mr. Phillips submits the following:

**Introduction**

On November 19, 2019, a Criminal Complaint was filed alleging that on November 15, 2019, Mr. Phillips was found to be in unlawful possession of multiple pieces of a Glock firearm ("a lower receiver for a Glock pistol, or pieces thereof;" "a Glock pistol frame, cut or broken into two (2) pieces"), bearing the serial number VZF110 and which had traveled in and affected interstate commerce in violation of Title 18 USC 922(g)(1). (Doc. 1).

On December 3, 2019, Mr. Philips was indicted, in pertinent part, with one count of being a convicted felon knowingly in possession of a firearm and ammunition, in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. 4). During plea discussions the

government contends that the reference in the Indictment to 18 U.S.C. §924 effectively applied to or references 18 U.S.C. §924(e)(1), meaning that Mr. Phillips is subject to the ACCA fifteen (15) year mandatory – minimum sentencing enhancement.

Mr. Phillips contests the applicability of the ACCA fifteen (15) year mandatory – minimum sentencing enhancement. In a prior 2012 case (No.1:09-CR-0361-MV), Mr. Phillips filed an objection to his PSR contesting the applicability of his prior conviction for Shooting at or from a Motor Vehicle, in violation of NMSA 1978, § 30-3-8(B) as an ACCA eligible crime of violence (No. 1:09-CR-0361-MV, Doc. 40). In response, this Court found that Mr. Phillips' 2007 § 30-3-8(B) *did not qualify* as a predicate crime of violence pursuant to the Armed Career Criminal Act, 18 U.S.C. Section 924(e). *See* Sentencing Minute Sheet, Case 1:09-CR-03601-MV, Doc. 49, attached hereto as Exhibit A.

Based presumably on the Tenth Circuit's 2017 decision in *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017), in which the Court in Pam found that a § 30-3-8(B) conviction can qualify as an ACCA eligible crime of violence, the government now contends that Mr. Phillips is now subject to ACCA's fifteen (15) year mandatory – minimum sentencing enhancement. Mr. Phillips disputes this contention.

The Tenth Circuit's determination in *Pam* that a § 30-3-8(B) may qualify as an ACCA eligible crime of violence does not apply to this case because the *Pam* opinion left the door open for an alternative finding if the underlying facts did not involve an act of force against *a person*. *Pam*, 867 F.3d at 1211. Also, the issue of whether an offense which requires a *mens rea* of "mere recklessness," such as in § 30-3-8(B), qualifies as an ACCA eligible "crime of violence" is unsettled. This very question will be addressed by the United States Supreme Court this term in *United States v. Borden*. *See* 769 Fed.Appx. 266 (6th Cir. 2019), *appeal docketed*, No. 19-5410

(U.S., Mar. 2, 2020) (*available at* https://bit.ly/2Z45wI9) (question presented, "Does the 'use of force' clause in the [ACCA], 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?").

## ARGUMENT

**A. The Tenth Circuit in *U.S. v. Pam* Left Open a Narrow Exception to Its Decision Finding that a Prior Conviction Under NMSA 1978, 30-3-8(B) That Did Not Involve an Element of Force Against the Person of Another Was Not a Violent Felony Under the ACCA.**

The Tenth Circuit in *Pam* left open the possibility that if a defendant showed that the application of § 30-3-8(B)  "applied to conduct not involving the use, attempted use, or threatened use of force *against the person of another*," then a prior conviction under § 30-3-8(B) would not count as a violent crime under the ACCA.

> To qualify as a violent felony, [a] conviction must either (1) fit under § 924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against' another individual ["elements clause"]; (2) be one of the four offenses specifically enumerated in § 924(e)(2)(B)(ii) ["enumerated clause"]; or (3) fall within the residual clause of § 924(e)(2)(B)(ii) because it involves conduct that 'presents a serious potential risk of physical injury to another ["residual clause"].'

*United States v. Fell*, 511 F.3d 1035, 1037 (10th Cir. 2007) (*quoting* 18 U.S.C. § 924(e)).

In other words, to determine whether a conviction qualifies as an ACCA eligible crime of violence, the statute of conviction must be analyzed as falling within one of the ACCA's violent felony definitional clause tests, to wit: the elements clause, the enumerated clause, or the residual clause.  In 2005, the Supreme Court found the residual clause of Section 924(e)(2)(B) was unconstitutionally vague (*Johnson v. United States*, 135 S.Ct. 2551 (2015)), and as such ACCA's residual clause test is no longer applicable.

A conviction for shooting at a vehicle under § 30-3-8(B) does not qualify as a violent felony pursuant to the plain language of ACCA's enumerated clause which states, in pertinent

part, that a violent felony is one of the enumerated crimes of "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). *See Pam*, 867 F.3d at 1203 (it is "undisputed" that defendant's crimes of conviction under § 30-3-8(B) do not fall within the enumerated offenses of the ACCA).

Not falling under ACCA's enumerated clause, the issue of whether Mr. Phillips' prior conviction for Shooting at or from a Motor Vehicle, in violation of § 30-3-8(B), qualifies as an ACCA eligible crime of violence must be resolved by application of the elements clause test. 18 U.S.C. § 924(e)(2)(B)(i). Mr. Phillips argues that his conviction is *not* a violent felony under the elements clause pursuant to the exception left open by *Pam* which allows that a §30-3-8(B) conviction which does not involve shooting at the person of another would not qualify as an ACCA eligible crime of violence.

The *Pam* court stated that it found it "more theoretical than realistic that §30-3-8(B) would be applied to conduct not involving the use, attempted use, or threatened use of force against the person of another." *Pam* at 1211. Importantly, the court stated as follows:

> Mr. Pam has done nothing to dissuade us of this conclusion. He points to no case, including his own, in which New Mexico has applied § 30-3-8(B) to circumstances not involving the use, attempted use, or threatened use of force against the person of another.

*United States v. Pam*, 867 F.3d 1191, 1211 (10th Cir. 2017) (*citing Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (holding that to meet the realistic probability standard, a defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the . . . manner for which he argues")).

Here, the facts of Mr. Phillips' 2007 conviction under § 30-3-8(B) do meet the realistic probability standard[1] – that Mr. Phillips was convicted under 30-3-8(B) for conduct that *did not*

---

[1] [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the

4

*involve* the use, attempted use, or threatened use of force against the person of another, and thus *does not qualify* as an ACCA eligible crime of violence. Instead, Mr. Phillips' conduct of conviction literally involved a conviction for the conduct of shooting into an engine block of a vehicle. *See* Presentence Report, at ¶ 36, Case 1:09-CR-03601-MV, attached hereto in relevant part as Exhibit B. Thus, Mr. Phillips' 2007 conviction under § 30-3-8(B) applies to facts that do not involve an element force against the person of another, and thus does not qualify as an ACCA eligible crime of violence.

### B. The Question Whether a Crime Requiring the *Mens Rea* of Mere Recklessness Qualifies as an ACCA Eligible Crime of Violence is Unsettled Law.

The question of whether a crime with the required *mens rea* of "reckless disregard" constitutes a violent felony under the ACCA is *unsettled* law, and this Court's 2012 determination that Mr. Phillip's 2007 conviction under § 30-3-8(B) was not an ACCA eligible crime of violence must remain undisturbed. *Pam* not only stated that the determination that a conviction under § 30-3-8(B) was a "close question" (*Pam*, 867 F.3d, at 1203), but *Pam*'s reliance on the United States Supreme Court's ruling in *Voisine v. United States*, 579 U.S. ___, 136 S.Ct. 2272 (2016), was misplaced, because (1) *Voisine* addressed an entirely distinguishable context for the analysis of recklessness, and (2) because *the* Supreme Court has granted certiorari for this term to consider the more relevant and on-point question put forth by

---

> State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

*Borden*, specifically addressing the question of whether crimes requiring a *mens rea* of recklessness qualify as predicate offenses under the ACCA. *Supra Borden*.

First, *Voisine* addressed the question of whether a reckless domestic assault qualifies as a "misdemeanor crime of domestic violence" under a federal statute prohibiting possession of a firearm under § 922(g)(9)." *Voisine v. United States*, 136 S. Ct. 2272, 2277-78 (2016) (emphasis added).[2] Analyzing recklessness in the context of an assault statute, wherein the necessary act and element of the statute of conviction facially involves an act of force against a *person*, is wholly distinguishable from the analysis of recklessness in a felony conviction for shooting at or from a vehicle. *Reckless* assault on a person necessarily incorporates the act of force *on a person*, an element requirement under the ACCA.

In comparison, shooting from a vehicle with reckless disregard *does not* necessarily encompass an act of force against a person. An act of force is against a person when shooting from a vehicle is a potential by-product but is not a given nor an element of the offense. In fact, Mr. Phillips' § 30-3-8(B) conviction *did not include* an act of force against a person. Had he assaulted a family member, as the defendant in *Voisine*, there is no escaping the act of force against a person, whether knowing or reckless. The *Pam* analysis of the *mens rea* of recklessness or reckless disregard is akin to an analysis of the residual clause (i.e. a conviction for a crime which involved "a substantial risk of the use of force") which was held to be unconstitutional in *Johnson*. *Supra*. Thus, the *Pam* court's reliance on *Voisine* is misplaced.[3]

---

[2] Also distinguishing *Voisine*, as *Pam* points out, is that there the court analyzed § 921(a)(33)(A)(ii) and did not analyze the statute under the ACCA. *Pam*, 867 F.3d at 1208.

[3] Discharging *Voisine*, Mr. Phillips agrees with the defendant in *Pam* that the Tenth Circuit decisions in *United States v. Duran*, 696 F.3d 1089, 1095 (10th Cir. 2012) and *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008) control:

> In *United States v. Duran* , 696 F.3d 1089, 1095 (10th Cir. 2012), and *United States v. Zuniga-Soto* , 527 F.3d 1110, 1124 (10th Cir. 2008), we held a mens rea of recklessness was

Next, if *Voisine* and *Pam* settled the question of whether a conviction under § 30-3-8(B), which contains a *mens rea* of recklessness, qualifies as a ACCA eligible crime of violence, then it begs the question why the U.S. Supreme Court would take up that very question in *Borden*. To wit: "Does the 'use of force' clause in the [ACCA], 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" The fact that the Supreme Court has certified this very question, the one at issue in this case, confirms that this issue remains unresolved and evolving.

## CONCLUSION

Wherefore, based on the foregoing facts and authorities, Mr. Phillips respectfully moves this Court for an Order finding that his conviction under § 30-3-8(B), for shooting at a motor vehicle, does not count as an ACCA eligible crime of violence.

Respectfully Submitted,
*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Michael Salazar
P.O. Box 25543
Albuquerque, N.M. 87125
(505) 843-9776
EM: joe@romeroandwinder.com

---

insufficient to satisfy the physical-force requirements of the "crime of violence" definitions found in U.S.S.G. §§ 4B1.2(a) and 2L1.2. Relying on these decisions, Mr. Pam argues § 30-3-8(B) cannot satisfy the similarly-phrased provision in the ACCA because the statute may be violated with a showing of recklessness.

*Pam*, 867 F.3d at 1207

**Certificate of Service**

      I hereby certify that, on May 15, 2020, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.