**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                            Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SEVER COUNTS**

The United States of America respectfully files this response to Defendant's Motion to Sever Counts. Doc. 33. The United States opposes severing the two charges in the Indictment and thus, creating two separate trials, and as grounds therefore states:

**I.    FACTUAL SUMMARY**

Defendant Nicholous Phillips ("Defendant") was convicted in this Court for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), in cause number 09-CR-3601-MV. He received a sentence of 60 months imprisonment followed by a two-year term of supervised release. *See* 09-CR-3601-MV, Doc. 52. The terms of Defendant's supervised release mandated, in relevant part, that he not commit another crime, that he not unlawfully possess a controlled substance, and that he not possess a firearm or ammunition. *Id.* A standard condition of Defendant's supervised release stated that "the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer." *Id.*

On the evening of November 15, 2019, while still subject to supervised release, United States Probation Officers conducted a home visit at Defendant's home. Defendant was not home, and the officers returned later that evening to find him sitting in the driver's seat of his truck. Upon

1

unlocking and opening the truck door, the probation officer smelled a prevalent odor that appeared to be marijuana. The probation officer asked Defendant for permission to look in the truck, and Defendant agreed. Behind the driver's seat of the truck, probation officers discovered a backpack containing narcotics and paraphernalia, including methamphetamine, marijuana, lysergic acid diethylamide, suboxone strips, plastic bags, a digital scale, hypodermic needles, numerous smoking devices, and more.

As the probation officers were searching his backpack, Defendant defied their commands to remain outside and instead ran inside of his home, locked himself in, and threatened suicide by pointing a handgun at his head. While barricaded inside of his home, Defendant spoke to law enforcement officers by phone, including a crisis negotiator from the Albuquerque Police Department, who was called to the scene that evening for the sole purpose of assuring Defendant's safety. When asked by that officer why Defendant made statements that he was going to kill himself, Defendant stated it was because his probation officer "just took a backpack full of fucking drugs from me." Defendant further stated that he would rather die than go back to jail, and for this reason he barricaded himself inside of his home. Throughout the duration of Defendant being locked inside of his home, he only made threats to himself and did not direct any threats to law enforcement. However, Defendant did advise that if law enforcement attempted to enter his home, the situation would "end badly."

This hours-long standoff with law enforcement, which required the presence of approximately 17 Albuquerque Police Department officers, in addition to federal law enforcement officers from the United States Probation Office and the Bureau of Alcohol, Tobacco, and Firearms, ended with Defendant safely being taken into custody. A protective sweep of Defendant's home revealed a lower receiver for a Glock firearm in plain view. Defendant's home

was then secured pending a search warrant. The search warrant was executed in the early morning hours of November 16, 2019, and law enforcement recovered a Glock pistol frame welded into two pieces, two partially destroyed or melted firearms, and twenty-six rounds of .40 caliber ammunition.

On December 3, 2019, a federal grand jury indicted Defendant for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, and for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure ("FRCP") 8 permits multiple offenses to be joined in the same indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 is construed broadly "to allow liberal joinder to enhance the efficiency of the judicial system." *See United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997). Rule 14 permits the court to order separate trials of counts "[i]f the joinder of offenses . . . . in an indictment . . . . appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a). The Tenth Circuit has held that "severance is a matter of discretion and not of right" and "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). "Prejudicial joinder occurs under Rule 14 when an individual's right to a fair trial is threatened or actually deprived." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997) (quoting *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993)).

## III. ARGUMENT

The United States properly charged Defendant with two counts in a single Indictment pursuant to Rule 8 of the FRCP. The two counts fall squarely within Rule 8 because they stem

3

from the same act or transaction which took place on November 15, 2019. At this time Defendant was still subject to supervision by the United States Probation Office, as ordered by this Court. Specifically, the charges stem from Defendant possessing approximately 561.73 grams of methamphetamine in a backpack. Upon probation officers discovering the narcotics and contraband in Defendant's backpack, he ran into his home and barricaded himself in because he stated he would rather die than go back to prison. This decision to hold a Glock firearm to his head and threaten suicide, by Defendant's own admission, was directly related to the probation officers finding his backpack full of narcotics. Further, he was fully aware that he was not lawfully permitted to possess narcotics or a firearm, and his reaction to the probation officers' home visit reflected that awareness. The Tenth Circuit has upheld trial courts' decisions to deny severances where "relationship of the charges grew out of the defendant's own conduct." *See United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983).

Defendant argues that the two offenses are distinct and that there is no evidence that he possessed the firearm outside of his home or in the truck in proximity to the narcotics. Def.'s Mot. at 2. Defendant uses the fact that he was not charged with a violation of 18 U.S.C. § 924(c) to bolster his claim that the two offenses are distinct and should be tried separately. *Id*. The firearm was discovered inside of Defendant's home freshly sawed into two pieces after Defendant attempted to destroy it. For this reason only, a § 924(c) offense was not included in Defendant's Indictment – not because the firearm had no relation to the large quantity of methamphetamine Defendant possessed as he asserts. It is simply untrue that Defendant's firearm was entirely disconnected from his narcotics. Instead, Defendant's decision to barricade himself inside of his home and threaten the use of the firearm was a direct response to officers finding the narcotics.

4

Defendant also argues that if the offenses were to be tried together, he would be prejudiced by the United States offering evidence of his consciousness of guilt. Def.'s Mot. at 2-3. Unfortunately for Defendant, his actions throughout the course of the events on November 15, 2019, *do* reflect his consciousness of guilt, and the jury should be permitted to hear the complete universe of facts. Simply because Defendant views the facts – his decisions – as unfavorable, this does not constitute prejudice under Rule 14 such that his right to a fair trial would be threatened. *See Valentine*, 706 F.2d at 290 (10th Cir. 1983) ("[T]he mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance.). The jury is entitled to hear that because United States Probation Officers caught Defendant with a backpack filled with methamphetamine, he reacted by defying officers' commands, running inside his home and barricading himself in, and by threatening suicide with a firearm.

Finally, Defendant argues that the admission of his prior felony convictions, including his prior drug trafficking conviction, would be impermissible under Federal Rules of Evidence 403 and 404(b). Def.'s Mot. at 3. The United States views Defendant's prior felony convictions as both relevant and admissible, and will seek this Court's guidance as to the appropriate boundaries for discussing such evidence at trial in a motion in limine filed in accordance with the pretrial briefing schedule. Additionally, the United States will file proper 404(b) notice regarding Defendant's prior drug trafficking conviction at a later date. The Tenth Circuit has "repeatedly held that "the use of prior drug involvement to show plan, motive or intent in a drug trafficking offense is appropriate." *See United States v. Ramirez*, 63 F.3d 937, 943 (10th Cir. 1995). But for purposes of Defendant's present motion, he must acknowledge that the United States is required to prove beyond a reasonable doubt that prior to Defendant's possession of firearms and ammunition, he was convicted of at least one felony. In order to prove this element, the United

5

States will necessarily have to introduce evidence of Defendant's prior felony convictions. Defendant may seek a limiting instruction from this Court or he may agree to a stipulation permitting many details of his prior convictions from going to the jury, but he cannot bar the jury from this information outright because he views it as unfavorable. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (stating that limiting instructions are considered less drastic measures to severance and "often will suffice to cure any risk of prejudice"); *see also United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (recognizing that the potential for prejudice that may be caused by admitting a prior conviction could be cured by a limiting instruction). The simple fact is that the jury is entitled to hear that because Defendant has prior felony convictions, he was subject to supervised release by the United States Probation Office. Because he was subject to supervision, the probation officers conducted a home visit, during which time they discovered the aforementioned evidence, and this is what led to Defendant's charges in this case. The evidence is inseparable. Defendant cannot sever the events of November 15, 2019, and he need not have two trials in an effort to attempt to do so.

## IV. CONCLUSION

The United States properly charged Defendant with two crimes in one Indictment, both resulting from his actions on the evening of November 15, 2019. Defendant's constitutional rights would be safeguarded if he were to be tried for both crimes in one trial. The United States encourages this Court to find that severance under Rule 14 is not warranted and to deny Defendant's motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Jaymie L. Roybal*
JAYMIE L. ROYBAL
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on
May 28, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney

7