# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                            Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

        Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION OBJECTING TO THE APPLICABILITY OF THE ARMED CAREER CRIMINAL ACT (ACCA) PROVISION OF 18 U.S.C. § 924 TO THIS CASE

The United States of America respectfully files this response to Defendant's Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924 to this Case. Doc. 33. The United States opposes Defendant's motion, and as grounds therefore states:

### I. FACTUAL SUMMARY

On February 16, 2012, this Court sentenced Defendant Nicholous Phillips ("Defendant") for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), in cause number 09-CR-3601-MV. At Defendant's sentencing hearing, the Court determined that Defendant had two prior convictions that qualified as predicate felonies under the Armed Career Criminal Act ("ACCA") those being aggravated battery with a deadly weapon and aggravated assault with a deadly weapon, but found that Defendant's conviction for shooting from/into a motor vehicle did not qualify as a crime of violence. Thus, the Court ruled that ACCA was not applicable to Defendant and sentenced him accordingly.

On November 15, 2019, law enforcement discovered Defendant in possession of distribution quantities of narcotics and a number of partially destroyed firearms. As a result, on

1

December 3, 2019, a federal grand jury indicted Defendant for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, and for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). It is these charges that form the basis for the instant cause of action before the Court. These charges remain pending the adjudication of guilt.

## II. LEGAL STANDARD

ACCA's sentencing provision, 18 U.S.C. § 924(e), provides that a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum term of imprisonment of fifteen years if that defendant has three prior convictions by any court for a serious drug offense or a violent felony. *See* 18 U.S.C. § 924(e)(1). In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held the residual clause of ACCA unconstitutionally vague. Accordingly, to qualify as a "violent felony" under Section 924(e)(2)(B) the predicate offense must be a "crime punishable by imprisonment for a term exceeding one year" that "has an element the use, attempted use, or threatened use of physical force against the person of another;" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(b)(i)-(ii).

To determine whether a defendant's prior conviction constitutes a crime of violence, courts must apply the categorical approach. *See United States v. Kendall*, 876 F.3d 1264, 1267 (10th Cir. 2017). Under this approach, the court "focuses solely on the elements of the statute forming the basis of the defendant's conviction; the specific facts of the defendant's case are irrelevant." *Id.* (citing *Descamps v. United States*, 570 U.S. 254 (2013) (internal quotation marks omitted)). In the event that the court is assessing a divisible statute, that being one that defines multiple crimes, it should apply the modified categorical approach. *Id.* at 1268. "The modified

categorical approach allows the court to peer around the statute of conviction and examine certain record documents underlying the defendant's prior offense, but this is done only for a limited purpose." *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).

### III. ARGUMENT

The United States must first begin by objecting to the timing of Defendant's motion seeking from the Court a determination as to whether Defendant is eligible to be sentenced under ACCA at this stage in the litigation. Because the determination Defendant seeks is only relevant for sentencing purposes, and because Defendant has not yet been convicted of any offense, the United States notes that this issue is not yet ripe for ruling. Nevertheless, is the United States' position that should Defendant be convicted of being a felon in possession of firearm, as charged in the present Indictment, he would then be eligible to be sentenced as an Armed Career Criminal pursuant to § 924(e). It will review each of Defendant's three predicate felonies in turn.

Defendant was convicted in the State of New Mexico Eighth Judicial District Court for aggravated battery with a deadly weapon (great bodily harm) in violation of N.M. Stat. Ann. § 30-3-5(C).[1] Section 30-3-5(C) states: "Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony." The Tenth Circuit held as recently as one month prior to the date of this filing that § 30-3-5(C), aggravated battery with a deadly weapon, does qualify as a crime of violence for purposes of ACCA. *See United States v. Manzanares*, 956 F.3d 1220, 1227-1228 (10th Cir. 2020). This conviction serves as Defendant's first predicate offense for purposes of ACCA, and at Defendant's 2012 sentencing, this Court agreed.

---
[1] Case No. D-809-CR-200500018

3

Next, Defendant was convicted in the State of New Mexico Second Judicial District Court for aggravated assault with a deadly weapon in violation of N.M. Stat. Ann. § 30-3-2(A).[2] Section 30-3-2(A) states that aggravated assault consists of "unlawfully assaulting or striking at another with a deadly weapon." In assessing New Mexico's aggravated assault law, the Tenth Circuit reasoned that "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force." *United States v. Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016). The Court therefore held that § 30-3-2(A), aggravated assault with a deadly weapon, does qualify as a crime of violence. This conviction serves as Defendant's second predicate offense for purposes of ACCA, and at Defendant's 2012 sentencing, this Court agreed.

The dispositive issue is therefore whether Defendant has a third predicate offense for purposes of ACCA, and the United States contends that he does. Defendant was convicted in the State of New Mexico Eighth Judicial District Court for shooting at or from a motor vehicle in violation of N.M. Stat. Ann. § 30-3-8(B).[3] Section 30-3-8 states: "Shooting at or from a motor vehicle consists of willfully discharging a firearm at or from a motor vehicle with reckless disregard for the person of another." As previously stated, at the time that Defendant was sentenced in 2012, this Court found that Defendant's prior conviction for shooting at or from a motor vehicle did not qualify as a crime of violence because an intent to injure is not an element of the offense. However, since this Court sentenced Defendant eight years ago, the Tenth Circuit has affirmatively ruled on whether the New Mexico law of shooting at or from a motor vehicle is a predicate offense for ACCA.

---

[2] Case No. D-202-CR-200602643
[3] Case No. D-809-CR-200700092

At issue in *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017), was the precise New Mexico statute at issue with regard to Defendant: § 30-3-8(B). The Tenth Circuit conceded that the question of whether Mr. Pam's two prior convictions under § 30-3-8(B), neither of which resulted in injury or great bodily harm, were considered crimes of violence for purposes of ACCA was a "close call." *Pam*, 867 F.3d at 1203. The Court ultimately concluded, unequivocally, that § 30-3-8(B) does satisfy the ACCA requirement that a prior conviction have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See id.; see also* § 924(e)(2)(B)(i).

In analyzing the statute, the Court first noted that § 30-3-8(B) is a divisible statute that listed three separate crimes, and analyzed it using the modified categorical approach. *Pam*, 867 F.3d at 1204-1205. Mr. Pam's two prior convictions were distinct because one involved great bodily harm while the other resulted in no injury whatsoever. *Id.* at 1206. However, the Court analyzed the offenses simultaneously "as that distinction does not inform or alter [the] analysis." *Id.* It then examined whether "willfully discharging a firearm at or from a motor vehicle with reckless disregard for the person of another," as required by § 30-3-8(B), was comparable to the ACCA definition of a violent felony. *Id.*

Mr. Pam advanced two theories as to why § 30-3-8(B) was not, in his view, a violent felony for purposes of ACCA, both of which the Court rejected. *Id.* at 1207. First, he argued that recklessness was insufficient to satisfy the use of force provision of the elements clause. *Id.* In rejecting this argument, the Tenth Circuit relied on guidance from the Supreme Court issued in *Voisine v. United States*, 136 S.Ct. 2272 (2016). *See id.* at 1208; *see also Voisine*, 136 S.Ct. 2272 (addressing the interplay between misdemeanor convictions and Section 922(g)(9) and holding that § 922(g)(9) applies to reckless conduct, as it does to knowing and intentional conduct). It

5

stated that "[a]pplying that same reasoning again here leads us to the conclusion that a statute requiring proof only that the defendant acted willfully and with reckless disregard for the risk posed by that act to another person may categorically involve the use of physical force." *Id.* Second, Mr. Pam argued that § 30-3-8(B) did not require force to be used, attempted, or threatened against the person of another. *Id.* In rejecting this argument, the Tenth Circuit relied on the New Mexico Supreme Court's interpretation of § 30-3-8(B) and stated that "application of § 30-3-8(B) is limited to situations involving the willful discharge of a firearm by the defendant coupled with knowledge that in doing so he is creating a substantial and foreseeable risk to the safety and welfare of the *person* of another." *Id.* at 1210 (emphasis in original).

Though Defendant attempts to debate *Pam*, the Court's holding that § 30-3-8(B) is a crime of violence, and thus a predicate offense under ACCA, is simply not reasonably debatable. "Under New Mexico law, shooting at or from a motor vehicle with reckless disregard for the person of another, whether resulting in no injury or great bodily harm, has as an element the use, attempted use, or threatened use of physical force against the person of another." *Pam*, 867 F.3d at 1211. This conviction therefore serves as Defendant's third and final predicate offense for purposes of ACCA.

IV.  **CONCLUSION**

Defendant has three predicate felony convictions that make him eligible to be sentenced under the Armed Career Criminal Act: aggravated battery with a deadly weapon (great bodily harm), aggravated assault with a deadly weapon, and shooting at or from a motor vehicle. This Court should deny Defendant's motion.

6

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Jaymie L. Roybal*
JAYMIE L. ROYBAL
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on
May 28, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney