# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                         Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO PENALTIES OR SENTENCING BEFORE THE JURY

    If convicted at trial of being a felon in possession of a firearm, Defendant Nicholous Phillips ("Defendant") faces a mandatory minimum of fifteen years under the Armed Career Criminal Act, s*ee* 18 U.S.C. §§ 922(g)(1) and 924, and a mandatory minimum of ten years under the Controlled Substances Act. *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[1] The United States respectfully moves this Court for an order preventing Defendant from presenting to the jury any and all direct or indirect reference to, or evidence of, the sentence that might be imposed if Defendant is convicted. Any reference to Defendant's sentencing exposure generally, or the statutory mandatory minimum more specifically, would not be relevant to any element of the two crimes Defendant is charged with. Any mention of the issue would serve only to strike at the jury's emotions, which would be improper.

    The Court regularly instructs juries that the sentencing consequences of a guilty verdict are not relevant to a jury's determination of whether the United States has proved the elements of the charged crimes beyond a reasonable doubt. *See, e.g.,* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2011 edition, updated February 2018). The instruction gives meaning to the well-established

---

[1] If the Unites States opts to file, prior to trial, an Information pursuant to 21 U.S.C. § 851, Defendant will face a mandatory minimum of fifteen years under the Controlled Substances Act.

principle that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* Given this division of labor, information regarding what sentence might be imposed following a guilty verdict is "irrelevant to the jury's task," *id.*, and the jury is not to consider the potential punishment that could result from conviction. *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties). Providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579.

Based on the nature of the relief sought, the United States presumes Defendant's opposition to this motion.

For these reasons, the Court should exclude any and all direct or indirect reference to, or evidence of, the sentence that might be imposed if Defendant is convicted.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    */s/ Jaymie L. Roybal*
    JAYMIE L. ROYBAL
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, N.M. 87103
    (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on June 22, 2020.

*/s/*̲  ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲
Jaymie L. Roybal
Assistant United States Attorney