# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## UNITED STATES' MOTION *IN LIMINE* TO ADMIT AUDIO RECORDING OF PHONE CALL BETWEEN DEFENDANT AND APD CRISIS NEGOTIATOR

The United States hereby moves this Court for a pre-trial ruling that the audio recording of defendant Nicholous Phillips' ("Defendant") phone call with the Albuquerque Police Department officer, who served as a crisis negotiator on the evening of November 15, 2019, is admissible.

### I.    FACTUAL SUMMARY

Defendant is charged in a two-count indictment with possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence illustrates that on November 15, 2019, while Defendant was on federal supervised release for his prior conviction in case no. 09-CR-3601-MV, United States Probation Officers ("USPO") conducted a visit at his home. Defendant was not home, and the officers returned later that evening to find him sitting in the driver's seat of his truck. Upon unlocking and opening the truck door, the probation officer smelled a prevalent odor that appeared to be marijuana. The probation officer asked Defendant for permission to look in the truck, and Defendant agreed. Behind the driver's seat of the truck, probation officers discovered a backpack containing narcotics and paraphernalia, including methamphetamine, marijuana, lysergic acid

diethylamide, suboxone strips, plastic bags, a digital scale, hypodermic needles, numerous smoking devices, and more.

As the probation officers were searching his backpack, Defendant defied their commands to remain outside and instead ran inside of his home, locked himself in, and threatened suicide by pointing a handgun at his head. While barricaded inside of his home, Defendant spoke to law enforcement officers by phone, including a crisis negotiator from the Albuquerque Police Department, who was called to the scene that evening for the sole purpose of assuring Defendant's safety. When asked by that officer why Defendant made statements that he was going to kill himself, Defendant stated it was because his probation officer "just took a backpack full of fucking drugs from me." Defendant further stated that he would rather die than go back to jail, and for this reason he barricaded himself inside of his home. Throughout the duration of Defendant being locked inside of his home, he only made threats to himself and did not direct any threats to law enforcement. However, Defendant did advise that if law enforcement attempted to enter his home, the situation would "end badly."

This hours-long standoff with law enforcement, which required the presence of approximately 17 Albuquerque Police Department officers, in addition to federal law enforcement officers from the United States Probation Office and the Bureau of Alcohol, Tobacco, and Firearms, ended with Defendant safely being taken into custody. A protective sweep of Defendant's home revealed a lower receiver for a Glock firearm in plain view. Defendant's home was then secured pending a search warrant. The search warrant was executed in the early morning hours of November 16, 2019, and law enforcement recovered a Glock pistol frame welded into two pieces and twenty-six rounds of .40 caliber ammunition.

## II.  LEGAL STANDARD

Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or a rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded by the court if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

## III.  ARGUMENT

As a preliminary matter, the statements Defendant made are not hearsay. Pursuant to Rule 801(d)(2)(A), Defendant's statements were made by him and will be offered against him for their truth. They are relevant under Rule 401 because they have a strong tendency to make the following facts more probable: that Defendant knew he had methamphetamine in his backpack, that he was in fact trafficking the methamphetamine, and that he possessed a firearm. All of these are facts of consequence for the two crimes Defendant is charged with because his knowledge for both crimes is a key element.

The conditions under which Defendant made these statements should be viewed as especially reliable. At the time he was speaking to the APD crisis negotiator, Defendant was under high stress, and the primary reason he was speaking to this officer was because he was threatening suicide by firearm as a means of not going back to prison. During their phone call, Defendant explains to the officer that because his probation officer had just seized a backpack full of drugs from him, he was considering ending his life. He further explained to the officer that he had a firearm in his home and was planning to use it for the suicide. These admissions by Defendant are

3

strong indications of his consciousness of guilt as to both crimes, and the jury should be permitted to hear Defendant in his own words as the lengthy standoff at his home was taking place.

The United States recognizes the sensitive nature of this evidence, but nonetheless contends that because Defendant's statements amount to confessions of both crimes, its probative value substantially outweighs any prejudicial effect to Defendant.

Based on the nature of the relief sought, the United States presumes Defendant's opposition to this motion.

## IV. CONCLUSION

For these reasons, the United States seeks a pre-trial ruling the audio recording of Defendant's call with the APD crisis negotiator is admissible.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    */s/ Jaymie L. Roybal*
    JAYMIE L. ROYBAL
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, N.M. 87103
    (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on June 22, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney