IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                         Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

      Defendant.

## NOTICE OF INTENT TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Pursuant to Federal Rule of Evidence 404(b), the United States hereby provides notice of its intention to introduce evidence of defendant Nicholous Phillips' ("Defendant") prior crimes, wrongs, and other acts, and moves this Court for a pre-trial ruling that such evidence is admissible.

**I. FACTUAL SUMMARY**

Defendant is charged in a two-count indictment with possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence illustrates that on November 15, 2019, while Defendant was on federal supervised release for his prior conviction in case no. 09-CR-3601-MV, United States Probation Officers ("USPO") conducted a visit at his home. Defendant was not home, and the officers returned later that evening to find him sitting in the driver's seat of his truck. Upon unlocking and opening the truck door, the probation officer smelled a prevalent odor that appeared to be marijuana. The probation officer asked Defendant for permission to look in the truck, and Defendant agreed. Behind the driver's seat of the truck, probation officers discovered a backpack containing narcotics and paraphernalia, including methamphetamine, marijuana, lysergic acid

1

diethylamide, suboxone strips, plastic bags, a digital scale, hypodermic needles, numerous smoking devices, and more.

As the probation officers were searching his backpack, Defendant defied their commands to remain outside and instead ran inside of his home, locked himself in, and threatened suicide by pointing a handgun at his head. While barricaded inside of his home, Defendant spoke to law enforcement officers by phone, including a crisis negotiator from the Albuquerque Police Department, who was called to the scene that evening for the sole purpose of assuring Defendant's safety. When asked by that officer why Defendant made statements that he was going to kill himself, Defendant stated it was because his probation officer "just took a backpack full of fucking drugs from me." Defendant further stated that he would rather die than go back to jail, and for this reason he barricaded himself inside of his home. Throughout the duration of Defendant being locked inside of his home, he only made threats to himself and did not direct any threats to law enforcement. However, Defendant did advise that if law enforcement attempted to enter his home, the situation would "end badly."

This hours-long standoff with law enforcement, which required the presence of approximately 17 Albuquerque Police Department officers, in addition to federal law enforcement officers from the United States Probation Office and the Bureau of Alcohol, Tobacco, and Firearms, ended with Defendant safely being taken into custody. A protective sweep of Defendant's home revealed a lower receiver for a Glock firearm in plain view. Defendant's home was then secured pending a search warrant. The search warrant was executed in the early morning hours of November 16, 2019, and law enforcement recovered a Glock pistol frame welded into two pieces and twenty-six rounds of .40 caliber ammunition.

## II. LEGAL STANDARD

Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or a rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded by the court if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Under Rule 403's balancing test, "it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must substantially outweigh the evidence's probative value." *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (internal citation omitted) (emphasis in original). Furthermore, in conducting the Rule 403 balancing test, this Court must "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.* (internal quotation and citation omitted).

Evidence of a crime, wrong, or other act is generally not admissible, unless it is offered for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b)." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). "[T]he rule is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial." *United States v. Cherry*, 433 F.3d 698, 700 (10th Cir. 2005). In assessing whether evidence is offered for a proper purpose, the fact that 404(b) evidence could be used to prove propensity does not make it excludable. Rather, it is when propensity is the only thing the evidence can show that it becomes excludable. *See United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir.

3

2007) ("When other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity."). "Evidence of other crimes is admissible if four factors are satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) upon request, the district court provides an appropriate limiting instruction." *Cherry*, 433 F.3d at 700-01.

## III. ARGUMENT

The United States hereby gives notice that it intends to introduce evidence of Defendant's prior drug possession and drug trafficking convictions, as well as evidence of his two prior convictions for being a felon in possession of a firearm. Evidence of Defendant's convictions are *res gestae*, as they are necessary to proving the crimes charged in the indictment. *See United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) ("Evidence of other crimes should not be suppressed when those facts come in as *res gestae* — as part and parcel of the proof of the offense [ ] charged in the indictment.") (internal quotation marks omitted). This evidence is also admissible under Rule 404(b).

### A. Prior Drug Trafficking Conviction

To prove a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), the United States must prove, in part, that Defendant knowingly and intentionally possessed methamphetamine with the intent to distribute it. Evidence of Defendant's knowledge and intent are both critical elements. Therefore, the United States intends to introduce evidence of Defendant's prior drug possession and drug trafficking convictions for proper purposes, those being to show his knowledge that he possessed methamphetamine, his understanding between a user amount and a distribution amount,

4

his intent to distribute the large amount of methamphetamine in his possession, and his absence of mistake.

The Tenth Circuit has held that prior convictions offered for these purposes in cases where the defendant is charged with drug trafficking crimes is admissible. *See Cherry*, 433 F.3d at 701 ("This Court has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense."); *see also United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) ("[T]he use of prior drug involvement to show plan, motive or intent in a drug trafficking offense is appropriate.").

Evidence of Defendant's prior drug convictions is relevant under Rule 401 because it has a strong tendency to make the following facts more probable: that Defendant knew the substance he possessed was methamphetamine, that he understood the difference between a user amount and a distribution amount, and that he possessed the methamphetamine for the purpose of distributing it. There is limited danger of unfair prejudice because his knowledge, intent, and lack of mistake are proper purposes for this evidence, and because of the availability of a limiting instruction.

### B. Prior Firearms Convictions

To prove a violation of 18 U.S.C. §§ 922(g)(1) and 924, the United States must prove, in part, that Defendant knowingly possessed a firearm and did so with the knowledge that he had previously been convicted of a felony offense prior to possessing the firearm. Evidence of Defendant's knowledge is key. For this reason, the United States intends to introduce evidence of Defendant's two prior felony convictions for being a felon in possession of a firearm. The first conviction occurred in the Eighth Judicial District Court in New Mexico in 2006, and the most recent occurred in this Court in 2009. The Tenth Circuit has held that evidence in the form of a prior conviction is admissible as proper 404(b) evidence to establish knowledge and absence of

mistake in a felon in possession case. *See United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007); *see also United States v. McGlothin*, 705 F.3d 1254 (10th Cir. 2013).

Evidence of Defendant's prior convictions for unlawfully possessing a firearm are relevant under Rule 401 because they have a strong tendency to make the following facts more probable: that Defendant knew he was previously convicted of a felony, and that it was unlawful for him to possess a firearm. There is limited danger of unfair prejudice because Defendant's knowledge and absence of mistake are proper purposes for its admission, and because the Court may issue a limiting instruction to the jury.

Based on the nature of the relief sought, the United States presumes Defendant's opposition to this motion.

## IV.   CONCLUSION

For these reasons, the United States seeks a pre-trial ruling that evidence of Defendant's prior convictions for drug possession, drug trafficking, and for being a felon in possession of a firearm, are admissible pursuant to Rule 404(b).

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    */s/ Jaymie L. Roybal*
    JAYMIE L. ROYBAL
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, N.M. 87103
    (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on June 22, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney