# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## NOTICE OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 609

Pursuant to Federal Rule of Evidence 609(a)(1)(B), the United States hereby provides notice of its intention to cross-examine defendant Nicholous Phillips ("Defendant") regarding his four of his prior convictions, should he choose to testify in his own defense. Those prior convictions are: 1) felon in possession of a firearm (federal), 2) shooting from/into a vehicle, 3) possession of a firearm or destructive device by a felon (state), and 4) trafficking a controlled substance (cocaine). Rule 609(b) places limitations on utilizing convictions in which more than ten years have passed since the conviction or release from confinement, whichever is later. In each of Defendant's four prior convictions, he was released from confinement within the past ten years, and therefore cross-examination is presumptively proper.

As explained in its Rule 404(b) notice, the United States does not intend to use evidence of Defendant's prior conviction for being a felon in possession of a firearm as propensity evidence. Rather, it intends to use it to properly illustrate Defendant's knowledge. And, of course, if Defendant chooses to testify, it will serve as proper impeachment evidence pursuant to Rule 609. In accordance with the standard set forth in the Tenth Circuit, the United States intends only to cross-examine Defendant on "the essential facts of convictions, the nature of the crimes, and the punishment." *See United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977) (explaining that it

is generally improper for the prosecution to inquire into the underlying facts of the prior conviction). This evidence will be highly probative of Defendant's credibility, should he choose to be a witness, and such probative value outweighs its prejudicial effect.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    */s/ Jaymie L. Roybal*
    JAYMIE L. ROYBAL
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, N.M. 87103
    (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on June 22, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney