IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                CR. NO. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

### RESPONSE TO NOTICE OF INTENT TO INTRODUCE EVIDENCE OF DEFENDANT'S PROR BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

  Defendant Nicholous Phillips (Mr. Phillips), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), responds as set forth below to the government's Notice of Intent to Introduce Evidence of Defendant's Prior Bad Acts Pursuant to Federal Rule of Evidence 404(b) (Doc. 44).

**FACTUAL BACKGROUND**

  Mr. Phillips is charged in a Superseding Indictment with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and with Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 21 U.S.C. 841(a)(1).

  In its notice, the government states that it intends to introduce evidence of Defendant's prior drug possession and drug trafficking convictions, as well as evidence of his two-prior felon in possession of a firearms convictions. Mr. Phillips opposes such proposed admission.

The prior drug convictions which the government seeks to introduce in their case-in-chief are over sixteen years old. The state drug possession conviction, a fourth-degree felony, occurred on 1 November 2003. The state drug trafficking conviction, a second-degree felony, occurred on 4 December 2003

The prior felon in possession of a firearm convictions occurred, respectively on 31 March 2006 (state conviction) and 3 October 2009 (federal conviction). On these two occasions, when in possession of a firearm, Mr. Phillips was not in possession of illegal drugs nor engaged in a drug trafficking crime.

**ARGUMENT**

The Federal Rule of Evidence 404(b) ("Rule 404(b)") provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." By its plain terms, Rule 404(b) mandates that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a *person* in order to show action in conformity therewith," instead of restricting itself to evidence proving "the character of the accused." *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004) (emphasis in original).

The Supreme Court has enunciated a four-part process to determine whether evidence is admissible under rule 404(b). See Huddleston v. United States, 485 U.S. 681, 691-92 (1988). The Tenth Circuit also applies this test:

> To determine whether Rule 404(b) evidence was properly admitted we look to [a] four-part test . . . . This test requires that: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000)

The Advisory Committee Notes to Rule 404 recognize that the "circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." *See Michelson v. United States*, 335 U.S. 469, 476 (1948). In this case, regardless of the stated purpose proffered by the government in support of the admissibility of the prior acts evidence, the admission of such prior acts evidence will result in a serious risk of prejudice to Mr. Phillips. It would allow the jury to focus on factually distinct prior acts all of which occurred over ten (10) years ago. The jury would then use such prior acts as a "short-cut" basis to believe that Mr. Phillips acted in conformity therewith on 15 November 2019.

Pursuant to Federal Rule of Evidence 403 ("Rule 403"), this Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989). As the Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter. See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999). Evidence is unfairly prejudicial if "the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 453 F.3d 1290, 1301 (quoting Fed. R. Evid. 403 advisory committee's notes).

Based on the foregoing, Mr. Phillips respectfully requests that these prior convictions not be admitted in the government's case-in-chief at Mr. Phillips' trial.

Respectfully Submitted:

By:   /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Defendant*
P.O. Box 25543
Albuquerque, NM 87125
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of June 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By:   */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.