IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.	CR. NO. 19-CR-4440 MV

**NICHOLOUS PHILLIPS,**

**RESPONSE TO MOTION FOR A LAFLER/FRYE HEARING**

Defendant Nicholous Phillips (Mr. Phillips), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), responds as set forth below to the government's Motion for a *Lafler/Frye* Hearing (Doc. 46).

The United States has moved the Court to convene a hearing, pursuant to *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). The express purpose of this hearing, as proposed by the government, is to have a U.S. Magistrate Judge question Mr. Phillips regarding the plea offer previously tendered to him and ask Mr. Phillips whether he knowingly rejected said plea offers after consulting with defense counsel.

Undersigned counsel acknowledges receipt of the government's letter offer dated 13 February 2020 and reviewing it with Mr. Phillips. Mr. Phillips rejected said offer. For the Court's information, undersigned counsel has consulted with prior defense counsel in this case (AFPD Kari Converse) and can confirm that the government tendered the same offer to her. Mr. Phillips previously rejected the same offer when presented to him by Ms.

Converse.  Also, to establish that Mr. Phillips has engaged in plea negotiations with the government in good faith, he authorized prior defense counsel and undersigned counsel to tender a counteroffer to the government, which the government has rejected.

Undersigned counsel recognizes that Mr. Phillips is entitled to effective assistance of counsel during plea negotiations. <u>See</u> <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970). In support of its motion, the government's motion does not cite to any basis that would warrant a hearing on this issue. That is, there is no allegation of any alleged act or omission by undersigned counsel, during plea negotiations, that falls below an "objective standard of reasonableness" and that but for this act or omission, "the result of the proceeding would have been different." <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

WHEREFORE, Defendant Nicholous Phillips, respectfully requests that the Court deny the government's Motion for a *Lafler/Frye* Hearing, and for such other and further relief as this Court deems just and proper.

        Respectfully Submitted:

By:   /s/ Joe M. Romero, Jr.
      Joe M. Romero, Jr.
      ROMERO & WINDER, PC
      *Attorney for Defendant*
      P.O. Box 25543
      Albuquerque, NM 87125
      Phone: (505) 843-9776
      Fax: (505) 212-0273
      joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 29th day of June 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By:  */s/ Joe M. Romero, Jr.*
   Joe M. Romero, Jr.