IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    CR. NO. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

### RESPONSE TO MOTION IN LIMINE TO ADMIT AUDIO RECORDING OF PHONE CALL BETWEEN DEFENDANT AND APD CRISIS NEGOTIATOR

Defendant Nicholous Phillips (Mr. Phillips), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), responds as set forth below to the government's Motion *In Limine* to Admit Audio Recording of Phone Call Between Defendant and APD Crisis Negotiator (Doc. 43).

**FACTUAL BACKGROUND**

The recording previously disclosed to undersigned counsel is approximately one hour and twenty-three minutes long.

There are numerous references during the emotionally charged conversation leading up to Mr. Phillips' eventual surrender that are not relevant to the charged offenses in this case and which are highly prejudicial. Specifically, there are numerous references to Mr. Phillips history and background that would serve only to improperly prejudice Mr. Phillips in the eyes of the jury.

Paraphrasing, some of the illustrative statements made to the APD crisis negotiator by Mr. Phillips prior to his surrender and while contemplating suicide include but are not limited to the following:

a. Mr. Phillips confirms to the crisis negotiator that he was going to kill himself and that his probation officer "knows that".

b. When asked if he will cooperate with the APD crisis negotiator, Mr. Phillips emotionally responds "No, f…k you. I'm not going to cooperate with you…. I just want to talk to my family and then I'm going to get this over with".

c. Mr. Phillips, in an extended dialogue with the crisis negotiator, admits to being in prison, and discusses how the prison system prescribed him the wrong medication, but nonetheless was compelled while in prison to take the wrong medication.

d. Mr. Phillips complained about the delay while on supervised release in him being prescribed the medication that he needed to stay well.

e. Mr. Phillips pleads with the APD crisis negotiator to give him his heroin so he can get well.

f. Mr. Phillips discusses his disappointment over his belief that his Probation Officer contributed to him losing his dream job, a union journeyman welder's position.

g. Mr. Phillips, in an extended dialogue with the crisis negotiator, admits to multiple mental health ailments as well as well as drug addiction. When the crisis negotiator suggests taking him to a mental health facility, Mr. Phillips laments by stating words to the effect that the "nut house is the same as jail".

h. During conversation, Mr. Phillips tells the crisis negotiator words to the effect "I've done ten years in prison."

**ARGUMENT**

Mr. Phillips objects to the playing of the subject recording as it is replete and intermingled with statements that are not relevant to the pending charges against Mr. Phillips. The references to his past prison sentence, his mental health ailments, his request for heroin as medication, and other statements are highly prejudicial and should be

excluded pursuant to multiple, applicable, rules of evidence. See Fed. R. Evid. 401, 402, and 403.

Even assuming that some evidence in the subject recording is relevant, playing the entire audio recording is impermissible as such relevance or probative value would be outweighed by the danger of unfair prejudice to Mr. Phillips. See Fed. R. Evid. 403.

Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. See United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's discretion to balance possible unfair prejudice against probative value is broad, see United States v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983). As the Supreme Court of the United States has noted:

> In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings . . . . This is particularly true with respect to Rule 403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(citation omitted).

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. See United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999). Evidence is unfairly prejudicial if it has 'an undue

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Caraway, 534 F.3d 1290,1301 (quoting Fed. R. Evid. 403 advisory committee note)(emphasis in original).

Based on the foregoing, Mr. Phillips respectfully requests that the Court not permit the playing of the audio recording as requested by the government.

Respectfully Submitted:

By:  /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Defendant*
P.O. Box 25543
Albuquerque, NM 87125
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of June 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By:  */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.