# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

vs.                                                     CR. NO. 19-CR-4440 MV

**NICHOLOUS PHILLIPS,**

## RESPONSE TO NOTICE OF EVIDENCE
## PURSUANT TO FEDERAL RULES OF EVIDENCE 609

Defendant Nicholous Phillips (Mr. Phillips), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), responds as set forth below to the government's Notice of Evidence Pursuant to Federal Rules of Evidence 609 (Doc. 45).

**FACTUAL BACKGROUND**

In consulting with the opposing counsel, it is undersigned counsel's understanding that should Mr. Phillips testify at trial, it is opposing counsel's intent to cross examine Mr. Phillips regarding his prior convictions, to wit: 1) a 12/4/2003 state offense for drug trafficking (cocaine), 2) a 3/31/2006 state offense for shooting from/into a vehicle, 3) a 3/31/2006 state offense for felon in possession of a firearm, and 4) a 10/3/2009 federal offense for felon in possession of a firearm. By way of background, the two 3/31/2006 convictions are part of a single incident and not a separate event.

Mr. Phillips objects to the admission of these prior convictions should he decide to testify at trial in his own defense.

**ARGUMENT**

Rule 609(a) of the Federal Rules of Evidence provides:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; ….

Fed. R. Evid. 609(a)

The Tenth Circuit has held that, "[o]rdinarily, evidence of a witness's felony conviction shall include information about the nature of that conviction unless, after Rule 403 balancing, the probative value of such evidence is outweighed by its prejudicial effect." United States v. Lopez-Medina, 596 F.3d 716, 737 (10th Cir. 2010) (quoting United States v. Howell, 285 F.3d 1263, 1267-68 (10th Cir. 2002)). The Tenth Circuit discussed the different standards which apply to prior convictions offered against an accused as opposed to against a "simple witness":

> The Rule provides that evidence of a prior conviction of a witness shall be admitted unless, pursuant to Rule 403, its probative value is substantially outweighed by its prejudicial effect. In contrast, evidence of a prior conviction of the accused shall be admitted unless its probative value is merely outweighed by its prejudicial effect. See 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6134, at 230 (1993) ("Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness.").

A "defendant [i]s entitled to the protection of the rule that only the prior conviction, its general nature, and punishment of felony range [a]re fair game for testing

2

the defendant's credibility . . . . [F]urther damaging details . . . [a]re not." United States v. Commanche, 577 F.3d 1261, 1270-71 (10th Cir. 2009)(quoting United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir. 1977))("That Commanche was twice convicted of aggravated battery was properly admissible. That the crimes involved cutting instruments consistent with the box cutter used in the present case was not."). "Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried." United States v. Commanche, 577 F.3d at 1270-71 (quoting United States v. Wolf, 561 F.2d at 1381).

A prior conviction's probative value is its relevance to the testifying witness' credibility. See United States v. Begay, 144 F.3d at 1338 (affirming district court's exclusion of prior drug possession conviction, because the conviction "did not relate to dishonesty" and was, thus, "not necessarily relevant to credibility" (citing Wilson v. Union Pac. R.R. Co., 56 F.3d 1226, 1231 (10th Cir. 1995)); United States v. Jefferson, 925 F.2d 1242, 1256 (10th Cir. 1991)(affirming district court's inclusion of prior conviction for aggravated robbery when the district court concluded that the conviction was a substantial crime and might affect the witness" credibility); United States v. Halbert, 668 F.2d at 492, 495 (affirming district court's inclusion of prior convictions of false pretense, mail fraud, and aggravated robbery, because the "the convictions were not unrelated to truthfulness").

The introduction and admission at trial of long past, multiple, and unrelated prior convictions will inevitably have the effect of creating the risk of undue prejudice. It will cause a jury to be distracted from the actual substantive evidence in this case. For example, one of the prior convictions sought to be admitted against Mr. Phillips is a 2006

3

conviction for shooting at or from a motor vehicle. In the pending case, Mr. Phillips is not alleged to have discharged any firearm. However, upon the jury being informed that Mr. Phillips suffered a prior conviction for discharging a firearm at or from a motor vehicle, a jury will inevitably be more prone to emotionally react to such information and improperly conclude that Mr. Phillips possessed a firearm in the current, pending, case.

Based on the foregoing, Mr. Phillips respectfully requests that these prior convictions not be admitted at trial.

Respectfully Submitted:

By:   /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Defendant*
P.O. Box 25543
Albuquerque, NM 87125
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of June 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By:   */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.