# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## UNITED STATES' REPLY: MOTION *IN LIMINE* TO ADMIT AUDIO RECORDING OF PHONE CALL BETWEEN DEFENDANT AND APD CRISIS NEGOTIATOR

On June 21, 2020, the United States filed a motion *in limine* seeking a pre-trial ruling that the audio recording of defendant Nicholous Phillips' ("Defendant") phone call with the Albuquerque Police Department officer, who served as a crisis negotiator on the evening of November 15, 2019, is admissible. Doc. 43. Defendant filed his response opposing the motion on June 28, 2020. Doc. 54. The United States hereby files its reply in accordance with Local Rule 47.8(a).

Defendant correctly notes that the entirety of Officer Sanchez' lapel video in which he is acting as a crisis negotiator is over one hour. However, the United States does not seek to admit the recording in its entirety. Instead, it has identified the following four excerpts[1], totaling less than five minutes, that it seeks to play for the jury:

| Excerpt One   | 3:32 to 5:50   |
| Excerpt Two   | 6:56 to 7:34   |
| Excerpt Three | 28:28 to 29:03 |
| Excerpt Four  | 29:31 to 30:01 |

---

[1] A disc containing these clips has been mailed to the courthouse, chambers, and defense counsel on the date of this filing.

1

A review of these excerpts should alleviate Defendant's concerns highlighted in his response that the jury will hear a number of his statements that are not relevant to the charges he faces, including his request for heroin, the loss of his job, his struggle with incorrect medication, and more. Instead, these excerpts are directly relevant to the two charges Defendant faces at trial, which the United States must prove beyond a reasonable doubt. In these excerpts, Defendant explained to Officer Sanchez that he was threatening suicide because his probation officer "just took a backpack full of fucking drugs from me." Suicide with a firearm, Defendant explained, was a means to avoid going back to prison.

The United States recognizes the sensitive circumstances under which Defendant made the statements contained in these four excerpts. However, they are his statements and are admissible as evidence against him under Federal Rule of Evidence 801(d)(2)(A). As stated in the original motion, they are relevant under Rule 401 because they have a strong tendency to make the following facts more probable: that Defendant knew he had methamphetamine in his backpack, that he was in fact trafficking the methamphetamine, and that he possessed a firearm. It further reiterates its argument that because Defendant's statements amount to confessions of both crimes, its probative value substantially outweighs any prejudicial effect to Defendant.

The United States was judicious in selecting four short excerpts of Officer Sanchez' lapel video in which he is speaking with Defendant as a crisis negotiator. It does not seek to present to the jury irrelevant or highly emotional statements Defendant made while under significant stress. The selected excerpts are critical evidence for the United States' case-in-chief, and for the reasons stated in its original motion, it seeks a pre-trial ruling that the audio recording of Defendant's call with Officer Sanchez is admissible.

                                Respectfully submitted,

                                JOHN C. ANDERSON
                                United States Attorney

                                */s/ Jaymie L. Roybal*
                                JAYMIE L. ROYBAL
                                Assistant United States Attorney
                                P.O. Box 607
                                Albuquerque, N.M. 87103
                                (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused defense counsel, Joe Romero, to be
served by electronic means, as reflected on the Notice
of Electronic Filing as indicated therein on July 13, 2020.

*/s/*
Jaymie L. Roybal
Assistant United States Attorney