UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                             No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on defendant Nicholous Phillips' Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924 to This Case. Doc. 34. The government filed a response in opposition [Doc. 36] and Mr. Phillips did not file a reply. Having considered the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

BACKGROUND

Mr. Phillips is charged by indictment with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession With Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 38. He pled not guilty to the charges at an arraignment held on December 6, 2019 [Doc. 13] and is currently set for trial on September 28, 2020 [Doc. 59].

In the instant motion, Mr. Phillips asks the Court for a pretrial ruling that he will not be subject to the ACCA's 15-year mandatory minimum if convicted of the charged offenses because his 2007 conviction for Shooting at or From a Motor Vehicle under NMSA § 30-3-8(B) is not a

"violent felony" within the meaning of the ACCA.[1]  *See* Doc. 34 at 1.  In so arguing, Mr. Phillips acknowledges that in *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017), the Tenth Circuit analyzed two convictions under the exact New Mexico statute at issue in this case–NMSA § 30-3-8(B)–and found them to qualify as "violent felonies" for the purposes of the ACCA.  *See* Doc. 34 at 2.  He nevertheless argues that his particular § 30-3-8(B) conviction falls under a narrow exception to *Pam* because it involved him "shooting into an engine block of a vehicle" and therefore did not involve the "use, attempted use, or threatened use of force against the person of another" as required by the ACCA.  *See id*. at 4–5.  Mr. Phillips also argues in the alternative that his conviction under § 30-3-8(B) does not qualify as an ACCA predicate because the law remains unsettled on whether an offense with a *mens rea* of "reckless disregard" can constitute a "violent felony" under the ACCA.  *See id*. at 5.  In making this argument, he asserts that the Tenth Circuit's reliance in *Pam* on the Supreme Court's ruling in *Voisine v. United States*, 136 S. Ct. 2272 (2016) was "misplaced."  *Id*. at 5.

In response, the government first argues that Mr. Phillips' request is not yet ripe for decision because the ACCA will only apply if he is first convicted of the charged offenses.  Doc. 36 at 3.  On the merits, it submits that Mr. Phillips' arguments are foreclosed by the Tenth Circuit's ruling in *Pam*, in which the Court "concluded, unequivocally, that § 30-3-8(B) does satisfy the ACCA requirement that a prior conviction have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"  Doc. 36 at 5 (citing *Pam*, 867 F.3d at 1203).  The government explains that the Tenth Circuit first found § 30-3-8(B) to be divisible and to create three separate crimes for shooting at or from a motor vehicle: a second

---

[1] Mr. Phillips does not appear to contest this Court's finding in an earlier case that he has two other ACCA-qualifying prior convictions for "violent felonies:" a conviction for Aggravated Assault with a Deadly Weapon (Great Bodily Harm) under NMSA § 30-3-5(C) and a conviction for Assault with a Deadly Weapon under NMSA § 30-3-2(A).  *See* Doc. 36 at 3–4.

degree felony version resulting in "great bodily harm" to another person; a third degree felony version resulting in "injury" to another person; and a fourth degree felony version resulting in no injuries nor great bodily harm to another person. *See id*. The Tenth Circuit ultimately found that the distinction between the versions of the offense did not matter, however, because even the least serious version of the offense involving no injuries to others qualifies as a "violent felony" due to its requirement that the offender knows they are "creating a substantial and foreseeable risk to the safety and welfare of the person of another." *Id*. at 6 (citing *Pam*, 867 F.3d at 1210). The government also points out that the Tenth Circuit in *Pam* directly considered and rejected the argument that a § 30-3-8(B) conviction does not qualify as an ACCA predicate due to its *mens rea* of recklessness. *Id*. at 5. The government then concludes that despite Mr. Phillips' attempts to "debate *Pam*," its holding that "§ 30-3-8(B) is a crime of violence, and thus a predicate offense under ACCA, is simply not reasonably debatable." *Id*. at 6.

## DISCUSSION

Although it may be unusual for a court to rule on an ACCA issue prior to sentencing, the Court first finds that the instant motion is ripe for decision. In *United States v. Jackson*, No. 13-CR-142 (PAC), 2013 WL 4744828, at *1–2 (S.D.N.Y. Sep. 4, 2013) (unpublished), the United States District Court for the Southern District of New York came to the same conclusion, finding that a defendant's pretrial request for a ruling on the ACCA-eligibility of his prior convictions was "fit for judicial review" because it raised a "purely legal [issue]" that would "not be clarified by further factual development." The court also found that the government had not presented any evidence of hardship resulting from a ruling on the motion and that, by contrast, declining to rule on the motion would cause hardship to the defendant based on the "disparity between the possible range of sentences that might apply." *Id*. at *2 (citations omitted). As in *Jackson*, the question

3

presented here is a purely legal one that will not be affected by future proceedings in this case and the government has not presented any evidence of hardship that would result from an immediate ruling. The Court therefore finds the motion ripe for decision.

Turning to the merits, the Court agrees with the government that under the Tenth Circuit's binding decision in *Pam*, Mr. Phillips' 2007 conviction for Shooting at or From a Motor Vehicle under NMSA § 30-3-8(B) necessarily qualifies as a "violent felony" for the purposes of the ACCA. Even assuming that Mr. Phillips was convicted of the least serious version of the offense, the Tenth Circuit in *Pam* clearly found that version to satisfy the ACCA's elements clause. *See Pam*, 867 F.3d at 1211 ("Under New Mexico law, shooting at or from a motor vehicle with reckless disregard for the person of another, whether resulting in no injury or great bodily harm, has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Mr. Phillips argues that his conviction nevertheless falls into an "exception" to *Pam*'s holding because it involved him shooting at property rather than another person. *See* Doc. 34 at 4–5. This argument is unpersuasive for several reasons. First, in holding that convictions under NMSA § 30-3-8(B) categorically qualify as "violent felonies" under the ACCA, the Tenth Circuit did not create, nor leave room for, any exceptions. *See Pam*, 867 F.3d at 1211. Rather than identifying an exception, Mr. Phillips' argument can more fairly be characterized as challenging the Tenth Circuit's underlying finding in *Pam* that it is "more theoretical than realistic that § 30-3-8(B) would be applied to conduct not involving the use, attempted use, or threatened use of force *against the person of another*." *Id*. (emphasis in original). Mr. Phillips is free to raise this argument on appeal should he get convicted in this case, but this Court has no authority to second-guess a binding decision from the Tenth Circuit. For the same reasons, the Court will not entertain Mr. Phillips' alternative argument that the Tenth Circuit erred in *Pam* when it found that

convictions under § 30-3-8(B) qualified for the ACCA notwithstanding their *mens rea* of recklessness. Doc. 34 at 5.

Second, the Court believes that the facts of Mr. Phillips' 2007 conviction validate, rather than contradict, the Tenth Circuit's finding in *Pam* that it is "more theoretical than realistic" that a conviction under § 30-3-8(B) would be applied where the defendant only used force against property. *See Pam*, 867 F.3d at 1211. As described by the section of the Presentence Report (PSR) Mr. Phillips attached to his motion as Exhibit B, the 2007 conviction did not merely involve him "shooting into an engine block of a vehicle." Doc. 34 at 5. Instead, the PSR reports that Mr. Phillips was at a park meeting with his girlfriend when he suddenly "backed up [his vehicle] as though trying to strike [her]." *Id.* at Ex. B. Another woman who had driven the girlfriend to the park then "saw a laser and heard four shots fired," at which point she "leaned over onto her seat and… placed her vehicle in reverse and backed up." *Id.* Upon arriving home, the woman realized that her vehicle was leaking anti-freeze and had been hit by bullets. *Id.* Rather than undercut the holding of *Pam*, the Court believes these facts support its finding that convictions under § 30-3-8(B) inherently involve the degree of force against the person of another required to categorically qualify them as "violent felonies" under the ACCA.

## CONCLUSION

For the reasons stated above, Mr. Phillips' Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924 to This Case [Doc. 34] is hereby **DENIED**. Absent an intervening change in the law, Mr. Phillips has three previous convictions for "violent felonies" committed on occasions different from one another within the meaning of the ACCA. He will therefore be subject to the ACCA's 15-year mandatory minimum if convicted

of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924, as charged in Count 1 of the Superseding Indictment. Doc. 38 at 1–2.

Dated this 13th day of July, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE