UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                    No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

      Defendant.

## MEMORANUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's opposed Motion for a *Lafler/Frye* Hearing. Doc. 46. In it, the government asks the Court to order a hearing before a United States Magistrate Judge for the purpose of inquiring whether defense counsel adequately communicated the government's plea offer to Mr. Phillips. *Id*. at 1. The government represents that it has extended a formal plea offer to Mr. Phillips twice by emailing letters describing the offer to Mr. Phillips' previous and current defense counsel. *Id*. Both times, defense counsel informed the government that Mr. Phillips had rejected the offer. *Id*. at 1–2. To "protect against any future claim of ineffective assistance of counsel on this issue," the government now requests that the Court "direct a magistrate judge to inquire on the record at a hearing whether defense counsel informed [Mr. Phillips] of the United States' plea offer and whether [he] chose to reject this offer." *Id*. at 2. It additionally asks the Court to direct the magistrate judge to make the two plea offer letters sealed exhibits at the hearing and to verify that Mr. Phillips and defense counsel discussed the terms of the letters before rejecting the government's proposed resolution. *Id*.

In response, Mr. Phillips acknowledges receiving and rejecting the government's offer through his previous and current defense counsel. Doc. 53 at 1–2. He also represents that he made a counteroffer to the government, which it rejected. *Id*. at 2. He nevertheless argues that the

1

government's request for a *Lafler-Frye* hearing should be denied because the government's motion "does not cite to any basis that would warrant a hearing on this issue" such as an act or omission by defense counsel during plea negotiations that constitutes ineffective assistance of counsel. *See id*.

The Court finds that the government is entitled to the requested hearing. As their name suggests, *Lafler-Frye* hearings arose out of the Supreme Court's twin decisions in *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 134 (2012), released on the same day in 2012. In *Lafler*, the Court held that a defendant had received ineffective assistance of counsel where his attorney's advice to reject a plea offer and go to trial resulted in him receiving a sentence 3.5 times longer than he would have received under the offer. *See Lafler*, 566 U.S. at 174. And in *Frye*, the Court held that a defense attorney renders ineffective assistance of counsel if they fail to advise their client of a plea offer from the government before the offer expires. *See Frye*, 566 U.S. at 145. Recognizing that this holding could result in a flood of motions from defendants claiming that they had not been so advised, the Court in *Frye* declared that "[t]he prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences." *Id*. at 146. For example, the Court noted, "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Id*.

Based on this language, a number of courts have held that the government is entitled to a "*Lafler-Frye*" hearing for the purpose of establishing on the record that any plea offers they have made have been properly communicated to the defendant. *See, e.g., United States v. Begay*, No. 14-CR-0747, 2020 WL 2514661, at *39 (D.N.M. May 15, 2020) (Browning, J.) (unpublished);

*United States v. Morgan*, 294 F. Supp. 3d 1218, 1226–27 (D.N.M. 2018) (Johnson, CJ.); *United States v. Pirk*, 236 F. Supp. 3d 796, 799–801 (W.D.N.Y. 2017). As long as the colloquy at the hearing does not stray beyond the subject of the plea offer, its terms, and defense counsel's communication of the offer to the defendant, such a hearing does not implicate the defendant's Fifth Amendment rights, Rule 11(c)(1) of the Federal Rules of Criminal Procedure, or the attorney-client privilege. *See Morgan*, 294 F. Supp. 3d at 1223–26.

The Court follows these and other courts in finding that the government is entitled to the requested *Lafler-Frye* hearing to make a record of the offer it extended to Mr. Phillips and the fact that he was advised of the offer by defense counsel prior to rejecting it. Contrary to Mr. Phillips' argument in his response, the government does not need to show evidence of ineffectiveness to warrant such a hearing. *See* Doc. 53 at 2. After all, the very purpose of the hearing is to establish for the record that defense counsel was *not* ineffective in his representation of Mr. Phillips with regard to the government's plea offer. *See Frye*, 566 U.S. at 146.

The Court will also refer the matter to a magistrate judge to conduct the *Lafler-Frye* hearing, as requested by the government and as allowed by Rule 59 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 59(a) ("A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination."). At the hearing, the magistrate judge should conduct an inquiry on the record to determine whether the government extended a plea offer to Mr. Phillips, whether Mr. Phillips was timely advised of the offer and its terms by defense counsel, and whether Mr. Phillips knowingly rejected the offer after being advised of it. To satisfy the concerns expressed in *Lafler* and *Frye*, the terms of the government's offer should also be made part of the

record, either through a recitation of those terms at the hearing or through a sealed exhibit submitted by the government upon a showing by the government of "some significant interest that outweighs the presumption in favor of open access to judicial records." *Morgan*, 294 F. Supp. 3d at 1226 (citations and internal quotations omitted).

## CONCLUSION

For the reasons stated above, the government's Motion for a *Lafler/Frye* Hearing [Doc. 46] is hereby **GRANTED**. The Court accordingly refers this matter to a United States Magistrate Judge under Rule 59 of the Federal Rules of Criminal Procedure to hold a hearing consistent with this order.

Dated this 13th day of July, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE