UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                       No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Notice of Intent to Introduce Evidence of Defendant's Prior Bad Acts Pursuant to Federal Rule of Evidence 404(b). Doc. 44. Mr. Phillips filed a response in opposition [Doc. 52] and the government did not reply. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken in part and will be **GRANTED IN PART**.

## BACKGROUND

Mr. Phillips is charged by indictment with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession With Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 38. The charges stem from a November 2019 incident during which Mr. Phillips allegedly put a gun to his head and threatened suicide after United States Probation Officers found methamphetamine and other drugs in a backpack in his truck. *See* Doc. 44 at 1–2. Mr. Phillips pled not guilty to the charges at an arraignment held on December 6, 2019 [Doc. 13] and the matter is currently set for trial on September 28, 2020 [Doc. 59].

In the instant motion, the government asks the Court to allow it to introduce several of Mr. Phillips' prior convictions in its case-in-chief under Rule 404(b) of the Federal Rules of Criminal

Procedure: his two prior drug convictions and his two prior convictions for Felon in Possession of a Firearm. Doc. 44 at 4–6. In response, Mr. Phillips argues that admitting the convictions will be more prejudicial than probative and will invite the jury to impermissibly infer that he acted in conformity with these prior crimes in the case at hand. Doc. 52 at 3.

## STANDARD

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Courts often describe the Rule as prohibiting a "forbidden propensity inference:" the inference that the defendant is more likely to have committed the crime charged because they committed other crimes in the past and therefore have a propensity for criminality in general or for committing the instant offense in particular. *See United States v. Commanche*, 577 F.3d 1261, 1268 (10th Cir. 2009) (quoting *United States v. Sanders*, 964 F.3d 295, 298–99 (4th Cir. 1992) ("All that the evidence of the prior conviction of assault could possibly show was [the defendant's] propensity to commit assaults on other prisoners or his general propensity to commit violent crimes. … This is exactly the kind of propensity inference that Rule 404(b)'s built-in limitation was designed to prevent.")). In banning this kind of propensity evidence, Rule 404(b) codified the long-held position of the common-law, which the Supreme Court explained in an oft-quoted passage from *Michelson v. United States*:

> The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.

335 U.S. 469, 475–76 (1948). Under the Rule, evidence of other bad acts may nevertheless be admissible for other, non-propensity purposes, "such as proving motive, opportunity, intent,

2

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Such evidence is admissible "only if it is relevant for a permissible purpose and that relevance does not depend on a defendant likely acting in conformity with an alleged character trait." *Commanche*, 577 F.3d at 1267.

A finding that the evidence in question is being offered for a proper purpose does not end the Rule 404(b) analysis, however. Courts follow the four-part test from *Huddleston v. United States*, 485 U.S. 681 (1988), which holds that Rule 404(b) evidence is admissible if (1) it is offered for a proper purpose under the Rule; (2) it is relevant under Rule 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court instructs the jury on the proper purposes for which it may consider the evidence, if requested. *See United States v. Henthorn*, 864 F.3d 1241, 1247–48 (10th Cir. 2017) (citing *Huddleston*, 485 U.S. at 691–92). As the Supreme Court has explained, "unfair prejudice" within the meaning of Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted). Such improper grounds for decision "certainly include… generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *Id*. at 180–81. Propensity evidence is considered to be unfairly prejudicial under Rule 403 because of the risk that "a jury will convict for crimes other than those charged–or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment–creates a prejudicial effect that outweighs ordinary relevance." *Id*. at 181 (quoting *United States v. Moccia*, 681 F.3d 61, 63 (1st Cir. 1982)). Determining whether such evidence should be excluded under Rule 403 requires balancing the above-described risk of unfair prejudice

with the evidence's probative value.  *See* Fed. R. Evid. 403.  Only when the evidence's potential for unfair prejudice *substantially outweighs* its probative value is it inadmissible under Rule 403 and Rule 404(b) by extension.  *See id; see also Huddleston*, 485 U.S. at 691–92.

## DISCUSSION

### I. Prior Drug Convictions

The government first seeks to admit evidence of Mr. Phillips' prior convictions for drug possession and drug trafficking.  Doc. 44 at 4.  As to the first *Huddleston* factor, it represents that it will use these prior convictions for the proper purposes of showing Mr. Phillips' "knowledge that he possessed methamphetamine, his understanding between a user amount and a distribution amount, his intent to distribute the large amount of methamphetamine in his possession, and his absence of mistake."  *Id*. at 4–5.  Some of these proffered uses are questionable.  The government has not shown, for example, that the absence of mistake will be a relevant issue in this case or that Mr. Phillips' prior drug convictions involved methamphetamine and therefore go to his knowledge of that drug.  *See* Doc. 44 at 4–5.  Nor has the government shown why Mr. Phillips' prior conviction for drug *possession* proves anything about his intent to distribute drugs in this case.  *See United States v. Edwards*, 540 F.3d 1156, 1163 (10th Cir. 2008) ("[W]e are unable to discern how evidence that Defendant possessed personal-usage amounts of controlled substances is relevant to show that he intended to distribute narcotics in the instant case.").  The government is nevertheless correct to argue that under controlling Tenth Circuit law, Mr. Phillips' prior conviction for drug *trafficking* is admissible to show his intent to distribute in the instant case.  *See United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005) ("This Court has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking

4

offense.") (citations omitted).[1]  The use of the drug trafficking conviction for this particular purpose therefore satisfies the first *Huddleston* prong.

Under the same controlling caselaw, Mr. Phillips' prior drug trafficking conviction also satisfies the second *Huddleston* prong requiring relevance under Rule 401 because the prior conviction makes it more likely that he had the specific intent to distribute the drugs found in this case. *Huddleston*, 485 U.S. at 691; *Cherry*, 433 F.3d at 701.

The Court finds that the government's argument fails at the third prong, however, because the potential for unfair prejudice resulting from the admission of Mr. Phillips' prior drug convictions substantially outweighs their probative value. *See Huddleston* at 691 (citing Fed. R. Evid. 403).  The potential that these prior convictions will unfairly prejudice the jury is clear and well-established in the caselaw: as the Supreme Court describes in *Old Chief*, other crimes evidence creates the risk that the jury will convict the defendant not because they are guilty of the crimes charged but due to the jury's belief that they are a bad person who deserves punishment. 519 U.S. at 181.  Admitting Mr. Phillips' prior drug convictions will also risk "the potential impermissible side effect of allowing the jury to infer [his] criminal propensity," *Cherry*, 433 F.3d at 701 n.3 (citations omitted), a risk made all the more likely by the fact that the prior drug convictions are similar in nature to the charged drug distribution offense.  Nor do these prior convictions have much apparent probative value to counterbalance their prejudicial effect.  The convictions are over 13 years old, as Mr. Phillips points out, and the government has not offered

---

[1] In so holding, the Tenth Circuit in *Cherry* recognized the "fine line between what constitutes propensity evidence and what constitutes legitimate evidence of intent." *Id*. at 701 n.3.  The court also acknowledged that "the permissible use of prior convictions to prove intent might have 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'" *Id*. (quoting *United States v. Macedo*, 371 F.3d 957, 966 (7th Cir. 2004)).  It concluded that such evidence should nevertheless come in if it can satisfy the other *Huddleston* factors.  *See Cherry*, 433 F.3d at 701 n.3.

any details to connect what happened in those cases with what is alleged to have happened here. *See* Doc. 52 at 2.  Mr. Phillips' prior drug convictions therefore fail to satisfy the balancing test in Rule 403 and are inadmissible under Rule 404(b) as a result.  *See Huddleston*, 485 U.S. at 691.

**II.     Prior Felon in Possession Convictions**

The government also seeks to admit evidence of Mr. Phillips' two prior convictions for Felon in Possession of a Firearm for the purpose of proving "that [he] knowingly possessed a firearm and did so with the knowledge that he had been previously convicted of a felony."  Doc. 44 at 5.  The Court finds that these convictions satisfy *Huddleston* and are admissible under Rule 404(b).  The convictions satisfy *Huddleston*'s first prong because they are being offered for a permissible purpose: to prove Mr. Phillips' knowledge, both that the item he possessed in the instant case was a firearm and that he was a convicted felon at the time of possession.  *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that to convict a defendant of one of the firearm offenses listed in 18 U.S.C. §§ 922(g), the government must show that they knowingly possessed a firearm and knew that they had a prohibited status when they did so).  The Tenth Circuit has affirmed that the use of a prior Felon in Possession conviction to show that the defendant knowingly possessed a firearm in the instant case is a permissible use under Rule 404(b).  *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007).  The convictions in question are also relevant under Rule 401 for the same evidentiary reason.  *See id*.

As to *Huddleston*'s third prong, the Court finds that unlike his prior drug convictions, the introduction of Mr. Phillips' prior convictions for being a felon in possession of a firearm satisfy Rule 403's balancing test.  While the introduction of these convictions necessarily carries the risks of unfair prejudice discussed above, their probative value is also clear.  For one, Mr. Phillips has not expressed an intent to stipulate to the fact that he has a prior felony, an element the government

is required to prove to convict him of Felon in Possession of a Firearm under § 922(g)(1). The expert notice Mr. Phillips filed on June 29, 2020 also suggests that he will be contesting the fact that he knowingly possessed a firearm as defined by federal law. Doc. 57. To the extent that Mr. Phillips' prior Felon in Possession convictions show his knowledge on that issue, they will likely be relevant at trial. Finally, as to *Huddleston*'s fourth prong, the Court will issue a limiting instruction instructing the jury to only consider these prior convictions for the purposes permitted under Rule 404(b), if Mr. Phillips requests such an instruction.

## CONCLUSION

For the reasons discussed above, the government's Notice of Intent to Introduce Evidence of Defendant's Prior Bad Acts Pursuant to Federal Rule of Evidence 404(b) [Doc. 44] is hereby **GRANTED IN PART**. The government will be permitted to introduce evidence in its case-in-chief of Mr. Phillips' two prior convictions for Felon in Possession of a Firearm under Rule 404(b). It **will not**, however, be permitted to introduce evidence in its case-in-chief of Mr. Phillips' prior convictions for drug trafficking and possession.

Dated this 29th day of July, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE