**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**
                              **Plaintiff,**

**vs.**                                                      **No. 19-CR-4440 MV**

**NICHOLOUS PHILLIPS,**
                              **Defendant.**

**MOTION TO DISMISS COUNT ONE CLAIMS REGARDING A FIREARM OR A
FIREARM "FRAME OR RECEIVER" AND FOR AN ORDER IN LIMINE BARRING
THE INTRODUCTION OF CERTAIN EVIDENCE OR TESTIMONY AT TRIAL AND
MEMORANDUM IN SUPPORT THEREOF**

Defendant Nicholous Phillips, through counsel, ROMERO & WINDER, P.C. (Joe M.
Romero, Jr.) respectfully moves this Court to dismiss the case against him in the form of Count
One of the Indictment, because the government failed to make a *prima facie* showing of essential
facts that establish a violation of 18 U.S.C. § 922(a)(6). Specifically, the indictment fails to allege
facts that, if proven, would establish that Defendant possessed a firearm. Without such a showing,
Count One of the indictment—except as that count relates to ammunition—is insufficient and must
be dismissed. In support of this Motion, Defendant states:

**ANALYSIS AND ARGUMENT**

**I.      Introduction**

This case is one of many involving a misinterpretation of the law by the Government, which
stems from an overreach by the Bureau of Alcohol, Tobacco, Firearms, and Explosives
("BATFE") in which BATFE attempted to administratively rewrite the statutory definition of a
"firearm receiver" to avoid the fact that many firearms made, sold, and possessed in this country
do not have a part that meets the statutory definition of a "receiver."

In this case an intact firearm was never discovered. Rather, in the search of Defendant's residence, an alleged "lower receiver for a Glock pistol, or pieces thereof" was discovered. <u>See</u> Doc. 1, Criminal Complaint, ¶ 14.  In contrast, in cases in which an entire firearm is present, there is no issue: an entire firearm is, of course, a firearm. It is cases, such as this case, the government is proceeding against Defendant based upon the claim that Defendant possessed a "receiver" of a firearm. If Defendant possessed a "receiver" he would be in violation of the law as if he had possessed an entire firearm. Unfortunately, despite BATFE's administrative-rule-making-as-a-rewrite-of-a-statute, the Glock handgun at issue in this case does not have a "receiver." As the firearm in question does not have a "receiver," Defendant cannot be charged with possessing a receiver, to wit: a firearm.

## II.      The Claim that Defendant Possessed a Firearm Receiver Must be Dismissed as the Indictment Is Constitutionally and Statutorily Deficient.

Bearing in mind that this Motion does not affect the Government's claim that Defendant possessed ammunition, the indictment against Defendant is not legally sufficient and must be dismissed, as it relates to the claim that Defendant possessed a firearm, contrary to 18 U.S.C. § 922(a)(6). Generally, an indictment is sufficient if its language tracks the statute. <u>Hamling v. United States</u>, 418 U.S. 87, 117, (1974)).

However, for an indictment to be legally sufficient, it must assert "facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" <u>United States v. Maney</u>, 226 F.3d 660, 663 (6th Cir. 2000) (citing <u>United States v. Superior Growers Supply, Inc</u>., 982 F.2d 173, 177 (6th Cir.1992)).

Statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18 (1974). That notice rule is repeated in Federal Rule of Criminal Procedure 7(c)(1), which states an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged..."

**A.    The Indictment Does Not Allege Sufficient Facts to Establish a Violation of 18 U.S.C. § 922(g)(1) in the Form of Possession of a Firearm or a Firearm Receiver.**

Here, the indictment allegations as to Count One, even if proven, would not establish a *prima facie* violation of 18 U.S.C. § 922(g)(1). Under § 922(g)(l):

> …It shall be unlawful for any person […] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year […] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

As set forth herein, the allegation that Defendant possessed a firearm must fail.

**1.    The Facts Alleged in the Indictment Do Not Establish Defendant a Firearm or the Receiver of a Firearm.**

In Count One, as developed in the discovery, the government alleges that Defendant possessed a cut up and destroyed firearm receiver. However, because the alleged "receiver" was not cut in the manner that BATFE has determined is necessary to permanently destroy a "receiver," Defendant is thus deemed by BATFE to have been in possession of a "receiver", and thus a firearm pursuant to 18 U.S.C. § 921(a)(3) and 27 C.F.R. § 479.11.

In fact, the pile of destroyed pieces of the receiver could not function. To be clear, this Motion is not predicated upon the condition that the "receiver" was when it was discovered. This Motion is instead based upon the fact that a Glock handgun—any Glock handgun—does not have

3

a "receiver" Consequently, even if the portion of the firearm that BATFE contends is a "receiver" had been found in perfect working order, the part designated by the administrative agency, BATFE, as a "receiver" simply is not a "receiver" as Congress defined that term. Under 18 U.S.C. § 921(a)(3), the definitional statute for § 922, a firearm means, in pertinent part, "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon. . ." (emphasis added). The statute does not define the term "receiver."

However, the Code of Federal Regulations' "firearms and ammunition" subchapter, which articulates the Bureau of Alcohol, Tobacco, Firearms and Explosives' (ATF) authority, does include a definition of "frame or receiver[1]." That definition relates back to § 921. United States v. Guillen- Cruz, 853 F.3d 768, 772 (5th Cir. 2017); United States v. Jimenez, 191 F. Supp. 3d 1038, 1040 (N.D. Cal. 2016). See United States v. Black, 739 F.3d 931, 935 (6th Cir. 2014) (recognizing 27 C.F.R. § 479.11 as the definitional statute for firearm offenses in the context of 26 U.S.C. § 5846).

Under 27 C.F.R. § 479.11, the definition of a frame or receiver is "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." (emphasis added). In essence, the definition requires three things: a hammer, a bolt or breechblock, and a firing mechanism. It also requires that the receiver be threaded at its forward portion to receive the barrel. But the piece of

---

[1] For the purposes of this Motion, "frame" and "receiver" and "frame or receiver" all refer to the same part of a Glock handgun: that portion that includes the hand grip and that the magazine is fed into—the part that a person would hold on to while firing the weapon. For simplicity's sake "frame" and "receiver" and "frame or receiver" are all referred to hereinafter as a "receiver."

a Glock handgun that BATFE, generally, and the government in this case, contends is the "frame or receiver" does not satisfy this definition.

### 2. The Government is Aware that other Court's have Dismissed Cases and Claims based upon BATFE's Erroneous Contentions Regarding a Firearm "Receiver."

Daniel O'Kelly is a former ATF special agent with extensive experience in firearms and their mechanics, manufacturing, repair, and operation. (See Resume of Daniel G. O'Kelly, attached hereto as Exhibit A). Mr. O'Kelly reviewed the discovery provided to Defendant by the government (See, Declaration of Daniel G. O'Kelly, attached hereto as Exhibit B). According to Mr. O'Kelly's even if the parts of the Glock handgun "in evidence were in pristine condition," there would not be a "receiver" present. This is because one of the functions a "receiver" must perform in order to be a "receiver" under the statute is that it must contain the firing mechanism. The firing mechanism in a Glock is, essentially, a spring-loaded pin that strikes the primer on a round. That striker system is contained entirely within the upper portion of the handgun. The purported "receiver" cannot actually be considered to be a "receiver" absent that portion of the firearm's functionality. Likewise, it is again the slide that contains the breechblock—the portion of the firearm that resists the explosion caused when the striker collides with the primer and the primer ignites the gunpowder thereby expelling the bullet. The breech block prevents the force of that explosion from traveling backward toward the shooter. As noted in Mr. O'Kelly's report, this portion of the functionality of the handgun too must be located within the purported "receiver" in order for that designated part to actually meet the definition of a "receiver."

The Northern District of California dismissed a case under § 922(o) and 26 U.S.C. § 5861(d) where the defendant possessed only lower receivers. *Jimenez*, 191 F. Supp. 3d at 1045. The *Jimenez* court found that the defendant did not have sufficient notice that his possession of lower receivers constituted possession of a firearm, because the lower receivers did not satisfy the

statutory definition of a firearm. *Id*. 1041, 1045. As a result, the court found the criminal statutes at issue to be unconstitutionally vague as applied. The court interpreted 27 C.F.R. § 479.11 to mean "a receiver must have the housing of three elements: hammer, bolt or breechbolt, and firing mechanism" *Id*. at 1041. The fourth characteristic of a receiver—that the forward portion is threaded to accept a barrel—may not be necessary in all cases in order to find that a designated firearm part is a "receiver."

Here, a Glock handgun "receiver" includes none of the four elements required by 27 C.F.R. § 479.11-- it does not contain the firing mechanism; it does not include a bolt; it does not contain a breechbolt; and it is not threaded at its forward portion. As Mr. O'Kelly explained, "The part(s) in evidence, which [BATFE] has erroneously considered to be a 'frame or receiver' since Glock began selling producing pistols in 1985…falls far short of fulfilling the CFR's definition of a 'frame or receiver.'" *Id*. Because the parts of the Glock handgun in evidence—even in pristine condition—do not meet the definition of a firearm, they cannot serve as the basis for a conviction under § 922(g)(1) – even if the facts alleged in the indictment are proven.

### 3. An Order in Limine is Appropriate to Avoid Juror Confusion as the Government Proceeds on its Claim that Defendant Possessed Ammunition.

As noted throughout this Motion, the government may still be able to prove its case regarding Count One based on the separate allegation within Count One that Defendant possessed ammunition. In order to avoid confusion for the jurors, the Court should find that all evidence or testimony regarding the firearm "receiver" should be excluded at trial. Specifically, the Court should exclude any evidence in this case related to the scrap parts that made up the portion of a Glock handgun that BATFE and the government mischaracterized as a "receiver" on grounds that "its probative value is substantially outweighed by the danger of unfair prejudice" under Rule 403. Evidence related to a part of a Glock that was in fact not a receiver, and therefore not unlawful to

6

be possessed by Defendant even if it was in pristine condition,  will be unfairly prejudicial, as that term is used in Rule 403. The jury, as the finder of fact, will almost certainly be confused by the introduction of evidence and testimony about a piece of a gun that has been called a "receiver" by the government, the BATFE, and others for years. As those claims were and are wrong, it will be unhelpful and unfair to force Defendant to spend time explaining that the law does not prohibit the possession of a lower portion of a Glock handgun. They jury is required to evaluate the evidence without drawing any improper inferences and evidence regarding the scrap pieces of a handgun that does not meet the statutory or regulatory definition of a "receiver". The circumstances here warrant the application of the court's exclusionary power. See, United State v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989)

## III.    Conclusion

Because the government has not alleged facts that, if proven—and excepting the ammunition alleged to have been in Defendant's possession—would make a facial showing of criminal conduct in violation of 18 U.S.C. § 922(g)(1), this Court must dismiss the portion of the allegation in Count One that alleges that Defendant possessed a firearm and, in addition, should enter an Order *in limine* barring evidence and testimony about the portions of a Glock handgun found in Defendant's residence from being introduced at the trial in this matter.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of August 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Alexander Flores.

By:     */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.