# DECLARATION OF DANIEL G. O'KELLY

I, Daniel G. O'Kelly, declare as follows:

1. I currently operate the International Firearms Specialist Academy ("IFSA"). IFSA offers training that permits firearm professionals to become accredited firearms specialists.

2. Before my tenure at IFSA, I worked as a compliance manager at Cabela's, then the nation's largest gun dealer. Before working at Cabela's, I was employed for over three decades as an ATF Special Agent and as a police officer. I have over 40 years of full-time experience as a law-enforcement officer, criminal investigator, firearms-compliance professional, and instructor of firearm technology. I have extensive knowledge of and experience with the classification of firearms, and their definitions, as found in federal law.

3. At the request of Attorney Joe Romero, I examined all the discovery provided by him in this case, including the Search Warrant Affidavit and photos of the firearm parts, I prepared this declaration, I have not personally examined the alleged firearm parts.

4. Based on my extensive knowledge and experience with the classification of firearms and their definitions, as found in federal law, as well as having been a full-time Instructor of firearm technology for most of the last twenty years, I have formed an opinion relevant to this case: (a) I conclude that the firearm parts in evidence does not constitute a "firearm" under federal law.

5. The definition of a firearm is found in 18 USC 921(a)(3); *The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. .*

The items in evidence clearly do not satisfy definition (A), as they do not constitute a "weapon". They are incapable of expelling a projectile since they have no chamber or barrel from which to do so. They also do not include a firing-pin for the detonation of a cartridge. There is also no



Defendant's Exhibit __B__

trigger for the initiation of the firing of a cartridge. These parts merely comprise what ATF holds to be the "frame or receiver" of a firearm under definition (B) above.

6. These parts do not, however, satisfy the definition of a firearm frame or receiver. That definition is found in 27 CFR 478.11, and it defines a firearm frame or receiver as;

*That part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel.*

If the parts in evidence were a complete Glock "frame" in pristine condition, they would still only satisfy one of the four elements found in the definition within the CFR; that of "housing… the firing mechanism". In a Glock pistol, there is no "hammer", but rather a "striker" which is a spring-loaded firing pin. The striker is housed in the slide of the pistol, which is not present in evidence. And even if it were, the striker is not housed in any of the parts of the Glock which are in evidence. The part(s) in evidence, which ATF has erroneously considered to be a "frame or receiver" since Glock began producing pistols in 1985, also does not house a bolt nor a breechblock. It should be noted that every shootable gun has either a bolt or a breechblock. The type of mechanical operation which the firearm employs (i.e. revolver, semiautomatic, lever-action, bolt-action, etc…) determines whether the gun has a bolt or a breechblock. In either case, said part supports the rear of the cartridge during firing, and prevents pressure from escaping the rear of the chamber and injuring the shooter. In a Glock pistol, it is again the slide which houses the breechblock, and not the part(s) in evidence. Last, the forward portion of the part(s) in evidence are not "threaded to receive the barrel", as called for in the CFR definition. The barrel is once again received by the slide. This grouping of damaged parts falls far short of fulfilling the CFR's definition of a "frame or receiver".

7. Given my extensive experience with federal firearm definitions, it is my professional opinion that the Glock parts in evidence are not a firearm.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 29, 2020 at Tarpon Springs, Florida.

*Daniel G. O'Kelly*