IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                        Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

      Defendant.

## UNITED STATES' MOTION TO EXCLUDE DEFENSE EXPERT

On June 29, 2020, Defendant filed a Notice of Intent to Offer Expert Testimony ("Notice"). Doc. 57. Defendant's Notice informed the Court and the United States that he plans to present the testimony of Mr. Dan O'Kelly, a firearm expert/consultant. For the following reasons, the United States seeks to exclude Mr. O'Kelly's testimony.

Per Defendant's Notice, his motion to partially dismiss the indictment (Doc. 69), and the expert opinion Defendant provided to the United States, Mr. O'Kelly will testify that the two recovered pieces of the destroyed firearm discovered in Defendant's home do not qualify as a "firearm" under federal law. As the United States explained in its response to Defendant's motion to partially dismiss the indictment (Doc. 72), it agrees with Mr. O'Kelly on this point. The recovered pieces of the Glock, by themselves, do not independently constitute a firearm under federal law. Instead, the United States intends to introduce the two recovered pieces of the Glock for purposes of showing the jury that they once came from a fully-assembled firearm. It is that fully-assembled firearm that constitutes the res gestae of the felon-in-possession count.

Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or a rule prescribed by the Supreme Court provides otherwise. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than

1

it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded by the court if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

Mr. O'Kelly's testimony that the recovered pieces of the Glock handgun, by themselves, do not independently constitute a firearm under federal law, is irrelevant under the Federal Rules of Evidence and should be excluded. Because there is no dispute between the parties as to whether the recovered pieces of the destroyed firearm are themselves a "firearm" under federal law, Mr. O'Kelly's testimony will not help the jury to determine any fact of consequence and will serve instead only to confuse the jury. Instead, the overarching disputed fact of consequence is whether Defendant possessed a fully-assembled firearm on or about November 15, 2019. Akin to that issue is whether Defendant attempted to destroy the firearm prior to his arrest. Mr. O'Kelly does not have personal knowledge about these issues.

Based on these reasons, the United States seeks an order from this Court excluding Defendant's expert witness, Mr. Dan O'Kelly, from testifying at trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s/
JAYMIE L. ROYBAL
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413

3

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Joe Romero, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on August 13, 2020.

/s/
Jaymie L. Roybal
Assistant United States Attorney