# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## **UNITED STATES' PROPOSED VOIR DIRE**

        Pursuant to Federal Rule of Criminal Procedure 24(a), the United States of America respectfully submits the following proposed questions for voir dire.

    1. The parties to this case are entitled to trial by a fair and impartial jury. These questions are intended to help us ascertain whether there is anything that would interfere with your ability to give both the United States and the defendant a fair trial. With that brief introduction, is there any reason that you could not be fair to both the United States and the defendant?

    2. While the defendant deserves a fair trial, does anyone think that he should get any more than a fair trial? Does anyone believe that he is entitled to a perfect trial? What does a perfect trial mean to you?

    3. This trial is anticipated to take up to four days. Is there any reason why you would not be able to devote your full attention to the trial?

    4. Does anyone have job requirements, familial requirements, medical issues, or other reasons which would affect your ability to give your full attention to this trial?

    5. The United States is represented in this case by the United States Attorney for the District of New Mexico, John C. Anderson. Assistant United States Attorneys Jaymie Roybal and Jack Burkhead will be handling this case for the United States. Does anyone know the United States

Attorney, the Assistant United States Attorneys, or anyone else employed by the United States Attorney's Office?

6. The defendant is Nicholous Phillips. He is represented by Joe Romero. Does anyone know the defendant or Mr. Romero?

7. I am going to read you a list of the law enforcement agents involved in this case and witnesses who will testify in this case. Do you know, are you related to, are friendly with, or are acquaintances with any of the witnesses in this case?

    a. Amy Gee, United States Probation Office

    b. Luis Zuniga, United States Probation Office

    c. Kelly Coppin, United States Probation Office

    d. Jonathan Sanchez, Albuquerque Police Department

    e. David Small, Albuquerque Police Department

    f. Abraham Gallardo, Metropolitan Detention Center

    g. Debbie Padilla, Metropolitan Detention Center

    h. Sam Supnick, Bureau of Alcohol, Tobacco, and Firearms

    i. Lisa Gaul, Bureau of Alcohol, Tobacco, and Firearms

    j. Rudy Woolf

    k. Jeffrey Simms, United States Drug Enforcement Administration

    l. R. Andrew Barber, New Mexico Department of Public Safety

8. Has anyone ever served on a jury before?

    a. When?

    b. Where?

    c. Was the case civil or criminal?

      d. Did you reach a verdict?

      e. What effect did your service as a juror have on your feelings about criminal trials?

      f. Was there anything about your prior jury service that would affect your ability or interest in sitting as a juror in this case?

9. Is there any religious, moral, or ethical reason why you would not be able to render judgment against another person? Do you understand that you are here solely to judge the facts?

10. The judge will read you an instruction that the defendant is presumed innocent unless and until he is proven guilty beyond a reasonable doubt. This is not just an instruction, but an important principle at the very heart of our American justice system. As you know, the burden of proof in this case is on the government. The law requires us to prove that the defendant is guilty beyond a reasonable doubt; that is, a doubt based on reason and common sense. Does anyone feel that the government should carry a heavier burden, such as proof beyond all possible doubt?

11. Does anyone have any opinions or feelings about the criminal justice system – positive or negative – such as judges, prosecutors, defense lawyers, and law enforcement officials? Would those feelings make it difficult for you to be fair and impartial?

12. Have you, or any of your close friends or relatives, worked in law enforcement at the federal, state, or local level?

13. Have you, or any of your close friends or relatives, had positive or negative experiences with law enforcement?

14. Have you, or any of your close friends or relatives, ever been arrested or charged with a crime?

15. Have you, or any of your close friends or relatives, ever been the victim of a crime?

16. Have you, or a close friend or family member, ever received formal legal training?

17. Does anyone watch police officers or lawyers on television? Does anyone think the United States must prove a case the way it is shown on television? Will anyone hold it against the United States if it does not present a specific type of evidence commonly seen on television, such as fingerprint evidence or DNA evidence?

18. What types of groups or organizations do you now or have you belonged to in the past? Do you hold any leadership positions in these organizations? What is it like to make decisions in a group setting?

19. What types of sites do you visit on the Internet in your spare time?

20. Do you have any bumper stickers on your cars?

21. Under our justice system, the facts are to be determined by the jury, and the law is to be determined by the court. These two responsibilities are separate and distinct. At various times throughout the trial, the judge will instruct you about the applicable law. Will everybody follow the judge's instructions about what the law is, even if you personally disagree?

22. This case concerns methamphetamine. Does anyone have strong feelings, beliefs, or opinions about methamphetamine?

23. Does anyone believe that methamphetamine or other narcotics should be legalized?

24. Does anyone have a close friend or family member that has been affected by methamphetamine or other narcotics or treated for any drug addiction?

25. Does anyone believe that the drug laws in the United States are too harsh or not strict enough?

26. Does anyone have sympathy for drug users? Does anyone believe a drug user should not be sent to jail under any circumstances? Do you draw a distinction between drug users and drug dealers?

27. This case also concerns a firearm. Does anyone have strong feelings, beliefs, or opinions about firearms?

28. Does anyone own a firearm?

29. Does anyone belong to a group or an organization that advocates for or against gun control?

30. Does anyone have strong feelings or opinions about restrictions on gun ownership?

31. Do you believe that it is proper for the government to regulate who is permitted to have firearms? Does anyone believe that convicted felons should be allowed to own or possess firearms?

32. The defendant is charged with two crimes stemming from November 15, 2019 in Bernalillo County. They are being a felon in possession of a firearm, and possession with intent to distribute 50 grams and more of methamphetamine. Does anyone know about this case? Does anyone have personal knowledge of the facts of this case?

33. Will you be able to evaluate only the evidence presented in this courtroom to determine whether the defendant is guilty as charged?

34. If the United States established the elements of each crime charged and met its burden of proof, would anyone have a problem holding the defendant responsible and returning a verdict of guilty?

35. If you felt that the defendant was guilty, but felt sorry for him or concerned for his family, would you be able to vote guilty without regard to your personal feelings or sympathy for him?

36. Would you tend to excuse or overlook offenses if you believed that such offenses were committed for motives, reasons, or purposes you favor or agree with?

37. Do you know of any other reason why you might not be able to serve on this jury?

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

/s/
JAYMIE L. ROYBAL
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Joe Romero, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on August 24, 2020.

/s/
Jaymie L. Roybal
Assistant United States Attorney