## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                       No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

       Defendant.

### <u>MEMORANUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on the government's Notice of Evidence Pursuant to Federal Rule of Evidence 609.  Doc. 45.  Mr. Phillips filed a response in opposition [Doc. 56] and the government did not file a reply.  The Court then ordered the government to submit supplemental briefing [Doc. 68], which it did on August 11, 2020 [Doc. 71].  Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken in part and will be **GRANTED IN PART**.

### BACKGROUND

Mr. Phillips is charged by indictment with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and Possession With Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Doc. 38.  The charges stem from a November 2019 incident during which Mr. Phillips allegedly put a gun to his head and threatened suicide after United States Probation Officers found methamphetamine and other drugs in a backpack in his truck.  *See* Doc. 44 at 1–2.  Mr. Phillips pled not guilty to the charges at an arraignment held on December 6, 2019 [Doc. 13] and a trial on the matter is forthcoming.

In the instant motion, the government gives notice of its intent to cross-examine Mr. Phillips with four of his prior convictions pursuant to Rule 609 of the Federal Rules of Evidence: (1) a 2011 federal conviction for Felon in Possession of a Firearm and Ammunition; (2) a 2008 New Mexico conviction for Shooting From/Into a Vehicle; (3) a 2008 New Mexico conviction for Possession of a Firearm or Destructive Device by a Felon; and (4) a 2004 New Mexico conviction for Trafficking a Controlled Substance (Cocaine).  Doc. 71 at 1–2.  The government argues that these convictions are presumptively admissible for impeachment purposes under Rule 609 because for each of them Mr. Phillips "was released from confinement within the past ten years."  Doc. 45 at 1.  In response to the Court's request for more specific information on this issue, the government provided the following details:

1. **With regard to the 2011 federal conviction for Felon in Possession of a Firearm and Ammunition**, Mr. Phillips was released from the Bureau of Prisons (BOP) on September 5, 2018 after serving a five-year sentence.

2. **With regard to the 2008 New Mexico convictions for Shooting From/Into a Vehicle and Possession of a Firearm or Destructive Device by a Felon**, Mr. Phillips was initially sentenced to a three-year term of supervised probation.  His probation was subsequently revoked in March 2010 and he was held in state custody from March 5, 2010 until July 23, 2010, at which time he was "turned over to the United States Marshals Service on a federal detainer."  Mr. Phillips then "returned to state custody on March 22, 2012 and returned to federal custody on December 20, 2013."

3. **With regard to the 2004 New Mexico conviction for Trafficking a Controlled Substance (Cocaine)**, Mr. Phillips was initially sentenced to a five-year term of probation.  His probation was revoked in April 2008 and he was placed on a new term of supervised probation to run through December 2013.  In March 2010, Mr. Phillips's probation was "revoked altogether and he was incarcerated from March 5, 2010 until December 2013, when he began a two-year term of parole."

Doc. 71 at 1–2.

In response, Mr. Phillips argues that "[t]he introduction and admission at trial of long past, multiple, and unrelated prior convictions will inevitably have the effect of creating the risk of undue prejudice."  Doc. 56 at 3.  He submits that the introduction of his 2008 conviction for

Shooting From/Into a Vehicle, for example, will cause the jury to react "emotionally" and to improperly conclude that he possessed a firearm in the instant case. *Id*. at 4.

## STANDARD

Rule 609 of the Federal Rules of Evidence governs the use of a witness's prior convictions to attack their character for truthfulness. Fed. R. Evid. 609(a). Under Rule 609(a)(1)(B), when a defendant is a witness in his own trial, the government may impeach him with a past felony conviction "if the probative value of the evidence outweighs its prejudicial effect to [the] defendant." Fed. R. Evid. 609(a)(1)(B). In making that determination, courts should consider the following five factors: (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (citation omitted). Although the Tenth Circuit has yet to decide this issue, a number of other federal circuits have placed the burden of establishing the admissibility of a defendant's prior convictions under Rule 609(a)(1)(B) on the government. *See* 28 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 6134, at n.100 (2d ed. 2020) (citing *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985); *United States v. Lipscomb*, 702 F.2d 1049, 2063 (D.C. Cir. 1983); *United States v. Klendra*, 663 F.2d 349, 353 n.1 (1st Cir. 1981); and *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).

Rule 609(b) raises the bar for admissibility where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). In that scenario, the prior conviction is only admissible if "its probative value, supported by specific facts and circumstances, *substantially outweighs* its prejudicial effects." *Id*. (emphasis

added).  Although this section of the rule was intended to impose a "definite time limitation" on the prior convictions that can be used for impeachment, *see* Fed. R. Evid. 609 advisory committee's notes, the ten-year limitation has been anything but definite in practice.  For one, courts have disagreed about when exactly the relevant ten-year time period ends.  In *Zimmerman v. First Fed. Sav. and Loan Ass'n of Rapid City*, 848 F.3d 1047, 1057 (10th Cir. 1988), the Tenth Circuit suggested that Rule 609(b) applies if more than ten years have elapsed between the witness's release from confinement and *the date of their trial*.  *See id.* ("Since more than ten years had elapsed between Gratz's release from prison and trial, the admissibility of the evidence is determined under Fed. R. Evid. 609(b).").  When faced with the same question three years later, however, the Tenth Circuit declined to decide if the ten-year period ends when the defendant is arrested, when they are indicted, or when their trial testimony begins.  *See United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991).

Another complication arises when the government tries to admit a prior conviction the defendant received over ten years ago but for which he was later taken into custody for violating probation or parole within the last ten years.  At least one court in the District of New Mexico has ruled that Rule 609(b)'s ten-year clock starts on the date of the defendant's release from their original term of imprisonment and does not take into account any subsequent terms of imprisonment due to probation or parole violations.  *See United States v. DeLeon*, 332 F. Supp. 3d 1189, 1192 n.2 (D.N.M. 2018).  In *United States v. Jefferson*, 925 F.3d 1242, 1256 (10th Cir. 1991), however, the Tenth Circuit appeared to adopt the opposite approach.  There, the defendant was originally paroled for a prior offense in December 1973 but was later reincarcerated in August 1978 after violating the terms of his release before being paroled for a second time in April 1979.  *Id*.  In determining whether ten years had passed since the defendant had been released from

4

confinement for the purposes of Rule 609(b), the Tenth Circuit used the "last date that [the defendant] was released from confinement" on the offense—the date on which he was paroled for the second time in April 1979. *See id.* This approach has support beyond the Tenth Circuit as well. *See United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988) (holding Rule 609(b)'s ten-year time limit "not applicable" where the defendant's parole for a 17-year-old conviction was revoked shortly before trial); 28 WRIGHT & MILLER § 6136 (2d ed. 2020) ("When a witness is confined after a parole or probation violation, he can be sentenced only as the law permits for the original conviction. Thus, he is imprisoned for that offense and not as punishment for violating parole or probation.").

## DISCUSSION

The first conviction the government seeks to introduce is Mr. Phillips's 2011 federal conviction for Felon in Possession of a Firearm and Ammunition. Doc. 71 at 1. Because Mr. Phillips was released from confinement for that offense in 2018, it is less than ten years old (however the relevant period is defined) and is admissible under Rule 609(a)(1)(B) as long as the government can establish that the "probative value of the evidence outweighs its prejudicial effect" on Mr. Phillips. *Id.* The Court finds that the government has carried that burden here. Although the impeachment value of a Felon in Possession conviction is less than that of a crime of dishonesty, and although Mr. Phillips is facing the same charge in the instant case, the Court has already ruled that the government is entitled to introduce this conviction in its case-in-chief under Rule 404(b) to prove that Mr. Phillips was a felon at the time of his alleged firearm possession and to show that his possession of the firearm was knowing. *See* Doc. 67 at 6–7. Because the government's additional use of the conviction to impeach Mr. Phillips would not cause him much if any additional prejudice, it is admissible under Rule 609.

The government next seeks to introduce Mr. Phillips's 2008 New Mexico convictions for Shooting From/Into a Vehicle and Possession of a Firearm or Destructive Device by a Felon.  Doc. 71 at 2.  Determining whether the more stringent standard for admissibility in Rule 609(b) should apply here is more complicated because the government concedes that Mr. Phillips was convicted of these offenses in 2008 and was initially given a probationary sentence.  *Id*.  The Court accepts the government's representation that his probation was revoked in March 2010, however, and that after being transferred to federal custody he was transferred back to state custody on the probation violation from March 2012 until December 2013.  *Id*.  Although the law in this area remains unclear, the Court will follow the Tenth Circuit's approach in *Jefferson* in using the date on which Mr. Phillips was released on the probation violation (December 20, 2013) as the date on which he was "release[d] from confinement" on the offenses for the purposes of Rule 609.  *See Jefferson*, 925 F.3d at 1256.  Rule 609(a)(1)(B) accordingly governs these convictions as well, and the Court finds that the 2008 New Mexico conviction for Possession of a Firearm or Destructive Device by a Felon is admissible for the same reasons as the 2011 federal conviction for Felon in Possession— the Court already ruled that the government can introduce it in its case-in-chief under Rule 404(b) [*see* Doc. 67 at 6–7], and its use for impeachment purposes under Rule 609 would not cause much if any additional prejudice to outweigh its probative value.

The analysis is different for the 2008 New Mexico conviction for Shooting From/Into a Vehicle, however, because it would not otherwise be admissible in Mr. Phillips's trial.  Applying the factors set forth in *Smalls*, the Court finds that the admission of this conviction on cross-examination would be more prejudicial than probative.  752 F.3d at 1240; *see also* Fed. R. Evid. 609(a)(1)(B).  First, the fact that Mr. Phillips shot from or into a vehicle is not particularly relevant to his character for truthfulness as a witness.  *Smalls*, 752 F.3d at 1240.  Second, the conviction

6

occurred over 12 years ago and the acts that form the basis of it occurred over 14 years ago, in 2006. *See* Doc. 34 at Ex. 2. Third, although this conviction is not exactly the same as the Felon in Possession of a Firearm charge Mr. Phillips faces in the instant case, its involvement of a weapon is similar enough to raise concerns about the jury drawing an impermissible propensity inference. *Smalls*, 752 F.3d at 1240. Finally, the nature of the conviction and its underlying facts—which involved Mr. Phillips shooting at a vehicle occupied by a friend of his ex-girlfriend—create a serious risk that the jury will convict Mr. Phillips not because of he is guilty of the offenses charged, but because "a bad person deserves punishment." *Old Chief v. United States*, 519 U.S. 172, 181 (1997).

The final conviction the government seeks to introduce is Mr. Phillips's 2004 New Mexico conviction for Trafficking of a Controlled Substance (Cocaine). Doc. 71 at 2. As an initial matter, the details the government provided about the revocation of Mr. Phillips's probation in this case are somewhat unclear because the government does not specify whether his confinement on the revocation continued to run during his subsequent transfer to federal custody in July 2010 or whether it was interrupted as with his 2008 New Mexico convictions. *See* Doc. 71 at 2. The exact date of Mr. Phillips's release from confinement on this offense ultimately does not matter, however, because the Court finds that it is inadmissible even under the more relaxed standard in Rule 609(a)(1)(B). Fed. R. Evid. 609(a)(1)(B). Applying the *Smalls* factors, the Court finds that a drug trafficking conviction is of little relevance to Mr. Phillips's character for truthfulness, especially one that will be around 16 years old at the time of trial. *See Smalls*, 752 F.3d at 1240. Introducing this conviction will also create a substantial risk of unfair prejudice given its similarity to the charged drug distribution offense and the possibility that the jury will accordingly infer that Mr. Phillips has a propensity to distribute drugs. *Id*. For the same reason, the Court declined to

allow the government to introduce this conviction in its case-in-chief under Rule 404(b).  *See* Doc.

67 at 4–6.  Because the government has not shown that introducing the conviction on cross-

examination under Rule 609 would be more probative than prejudicial, it is inadmissible for that

purpose as well.  Fed. R. Evid. 609(a)(1)(B).

## CONCLUSION

For the reasons stated above, the government's Notice of Evidence Pursuant to Federal

Rule of Evidence 609 [Doc. 45] is hereby **GRANTED IN PART**.  The government will be

permitted to use Mr. Phillips's 2011 federal conviction for Felon in Possession of a Firearm and

Ammunition and his 2008 New Mexico conviction for Possession of a Firearm or Destructive

Device by a Felon for impeachment purposes under Rule 609.  The government will not, however,

be permitted to introduce his 2008 New Mexico conviction for Shooting From/Into a Vehicle or

his 2004 New Mexico conviction for Trafficking of a Controlled Substance (Cocaine).

Dated this 11th day of September, 2020.


_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE