UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.      No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

## MEMORANUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Nicholous Phillips's Motion to Dismiss Count One Claims Regarding a Firearm or a Firearm "Frame or Receiver" and for an Order in Limine Barring the Introduction of Certain Evidence or Testimony at Trial and Memorandum in Support Thereof. Doc. 69. The government filed a response in opposition [Doc. 72] and Mr. Phillips filed a reply [Doc. 76]. Having reviewed the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

Mr. Phillips is charged by indictment with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count 1), and Possession With Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2). Doc. 38. The charges stem from a November 2019 incident during which he allegedly put a gun to his head and threatened suicide after United States Probation Officers found methamphetamine and other drugs in a backpack in his truck. *See* Doc. 44 at 1–2. Mr. Phillips pled not guilty to the charges at an arraignment held on December 6, 2019 [Doc. 13] and a trial on the matter is forthcoming.

1

In the instant motion, Mr. Phillips asks the Court to dismiss Count 1 of the superseding indictment—except as that count relates to ammunition—because "the government failed to make a *prima facie* showing of essential facts that establish a violation of 18 U.S.C. § 922(a)(6)."[1] Doc. 69 at 1.  More specifically, Mr. Phillips argues that Count 1 is legally insufficient because while "in cases in which an entire firearm is present, there is no issue," here the government is proceeding against him under a different theory: the theory that he "possessed a 'receiver' of a firearm" rather than the firearm itself. *Id*. at 2.  Mr. Phillips argues that the facts of the instant case do not support that theory because the firearm whose receiver he allegedly possessed—a Glock handgun—does not have a "receiver" within the meaning of the relevant statute.  *See id*. at 2–4.  In support, he attaches the declaration of Daniel G. Kelly, a former special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  *See id*. at Ex. 2.  Mr. Phillips also asks the Court in the alternative to exclude "any evidence in this case related to the scrap parts that made up the portion of a Glock handgun" that officers found in Mr. Phillips's home after his arrest.  *Id*. at 6.  He argues that such evidence should be excluded under Rule 403 of the Federal Rules of Evidence because a jury "will almost certainly be confused by the introduction of evidence and testimony about a piece of a gun that has been called a 'receiver' by the government, the [ATF], and others for years." *Id*. at 7.

In response, the government submits that Count 1 of the superseding indictment is legally sufficient because it tracks the language of 18 U.S.C. § 922(g)(1) and contains the four essential elements of the Felon in Possession charge: that Mr. Phillips (1) knowingly; (2) possessed a firearm and ammunition; (3) in and affecting interstate commerce; (4) knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year.  Doc.

---

[1] As noted above, Count 1 of the superseding indictment charges Mr. Phillips with violating 18 U.S.C. §§ 922(g)(1) and 924, not 18 U.S.C. § 922(a)(6).

72 at 4.  Because the indictment is sufficient on its face, the government argues that "[t]he true substance of [Mr. Phillips's] motion is… precisely what the Federal Rules of Criminal Procedure and the Tenth Circuit forbid in a pretrial ruling: it is a challenge to the United States' theory of the case and the strength, or perceived weakness, of its evidence to support the charge that Defendant possessed a firearm."  *Id*. at 5.  The government additionally argues that even if Mr. Phillips is permitted to challenge its theory of the case at this stage, his challenge fails because the government "does not contend that the recovered pieces of the Glock, by themselves, independently constitute a firearm."  *Id*. at 8.  Instead, it "intends to introduce the two recovered pieces of the Glock for purposes of showing the jury that they once came from a fully-assembled firearm" which constitutes "the res gestae of the felon-in-possession count."  *Id*. at 8–9.  To support this theory, the government will be introducing evidence from "one or more federal probation officers that they witnessed [Mr. Phillips] possessing the fully-assembled firearm on the date charged in the Superseding Indictment."  *Id*. at 9.  The government concludes that "[t]aking the factual issue of whether [Mr. Phillips] possessed a firearm before he attempted to destroy it away from the jury's consideration at this stage on the basis of preventing the United States from pursuing a theory it does not intend to present would be improper."  *Id*.

In his reply, Mr. Phillips asserts (in apparent contradiction with his original motion) that he is "not seeking the dismissal of Count 1" because "there are alternative theories of evidence by which the government may still be able to prove [it]."  Doc. 76 at 5.  Instead, he repeats his request that "all evidence or testimony regarding the firearm 'receiver,' which was never a 'receiver,' be prohibited at trial."  *Id*.

**STANDARD**

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure lists a number of grounds upon which a defendant can challenge his indictment prior to trial, including that the indictment joins two or more offenses in the same count (duplicity); charges the same offense in more than one count (multiplicity); lacks specificity; and fails to state an offense.  Fed. R. Crim. P. 12(b)(3)(B).  With regard to the last ground—failure to state an offense—the Tenth Circuit has stated that "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).  Challenging an indictment is not a means of "testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).  Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Todd*, 446 F.3d at 1067.  Courts should therefore avoid considering evidence outside of the indictment when testing the indictment's legal sufficiency.  *Id*.  The Tenth Circuit has recognized a "rare exception" to this rule, however, where "the operative facts are undisputed" and those undisputed facts show that "as a matter of law, the Defendant could not have committed the offense for which he was indicted." *Id*. at 1068.

**DISCUSSION**

Mr. Phillips has failed to identify a valid reason for the Court to dismiss Count 1 of the superseding indictment in this case.  As the government notes, the indictment tracks the language of the relevant statute, 18 U.S.C. § 922(g), and incorporates the knowledge-of-status element required by the Supreme Court's recent holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The indictment accordingly "sets forth the elements of the offense charged" and puts Mr. Phillips on notice about the charges against which he has to defend. *Todd*, 446 F.3d at 1067. By listing the date and location of the alleged offense—November 15, 2019 in Bernalillo County—the indictment also enables Mr. Phillips to raise a double jeopardy claim if he has already been federally prosecuted for the same events. *See id*.

Mr. Phillips nevertheless argues that the indictment fails to make out a *prima facie* case of Felon in Possession of a Firearm because the Glock handgun parts recovered in his house do not qualify as a "firearm" or a firearm "receiver" under federal law. Doc. 69 at 1. If the recovered handgun parts made up the whole of the government's evidence in this case, Mr. Phillips's argument for dismissal might have merit on the basis of undisputed facts that show the defendant could not have committed the charged offense as a matter of law. *Todd*, 446 F.3d at 1068. The government's response makes clear, however, that the handgun parts are only a *small portion* of its evidence against Mr. Phillips, the crux of which will be the testimony of the federal probation officers who reportedly observed him holding a fully-assembled handgun on the day in question. *See* Doc. 72 at 8–9. Given these disputed facts that would make Mr. Phillips guilty of the charged offense if proven to be true, he is not entitled to dismissal at this stage. *Todd*, 446 F.3d at 1067–68.

Nor is Mr. Phillips entitled to the exclusion of all evidence about the recovered handgun parts from the government's case-in-chief, as he requests in the alternative under Rule 403. Doc. 69 at 7. The government's proposed use of the evidence—to show that earlier in the day Mr. Phillips possessed the parts as a fully-assembled firearm—is relevant, straightforward, and not unduly confusing to the jury. Doc. 72 at 8–9. Although the government represents that it does not intend to argue that the recovered parts are, by themselves, a qualifying "firearm" within the

meaning of 18 U.S.C. § 922(g) [Doc. 72 at 8], Mr. Phillips has also failed to identify a valid reason for the Court to prevent the government from making such an argument in the alternative if it so chooses. Possessing the "frame or receiver" of a firearm is equivalent to possessing a firearm itself for the purposes of § 922(g). *See* 18 U.S.C. § 921(a)(3). In the event that the government argues the gun parts found in Mr. Phillips's house qualify as a firearm "receiver" within the meaning of § 921(a)(3), Mr. Phillips is free to call his expert, Mr. Kelly, to refute that claim. Whether the government can prove Mr. Phillips guilty of this version of the offense beyond a reasonable doubt is ultimately for the jury, and not for this Court, to decide.

## CONCLUSION

For the reasons stated above, Mr. Phillips's Motion to Dismiss Count One Claims Regarding a Firearm or a Firearm "Frame or Receiver" and for an Order in Limine Barring the Introduction of Certain Evidence or Testimony at Trial and Memorandum in Support Thereof [Doc. 69] is hereby **DENIED.**

Dated this 11th day of September, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE