UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                              No. 19-CR-4440 MV

NICHOLOUS PHILLIPS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Nicholous Phillips's Motion to Sever Counts. Doc. 33. The government filed a response in opposition [Doc. 35] and Mr. Phillips did not file a reply. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

Mr. Phillips is charged by indictment with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count 1), and Possession With Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2). Doc. 38. The charges stem from a November 2019 incident during which he allegedly put a gun to his head and threatened suicide after United States Probation Officers (USPOs) found methamphetamine and other drugs in a backpack in his truck. *See* Doc. 44 at 1–2. Mr. Phillips pled not guilty to the charges at an arraignment held on December 6, 2019 [Doc. 13] and a trial on the matter is forthcoming.

In the instant motion, Mr. Phillips asks the Court to sever his trial on Counts 1 and 2 of the indictment under Rules 8 and 14 of the Federal Rules of Criminal Procedure. Doc. 33 at 1 (citing Fed. R. Crim. P. 8 and 14). He argues that the drug and firearm charges are distinct and that the

1

introduction of the evidence pertaining to each would create undue prejudice as to the other. *Id*. at 2. Mr. Phillips submits, for example, that the evidence relating to his possession of a firearm after the USPOs found the drugs in his truck would suggest that "the sole reason for [his] alleged escape was [his] consciousness of guilt related to the drug charges." *Id*. at 3. He also argues that the government's introduction of his prior felony convictions to prove the Felon in Possession count would unduly prejudice him as to the drug possession count. *Id*.

The government makes several arguments in response. First, it argues that the two charges were properly joined in the indictment under Rule 8 because they were based on the "same act or transaction" that occurred when the USPOs visited Mr. Phillips's home on November 15, 2019. Doc. 35 at 3–4 (citing Fed. R. Crim. P. 8(a)). Next, the government argues that it is "simply untrue that Defendant's firearm was entirely disconnected from his narcotics" because "Defendant's decision to barricade himself inside of his home and threaten the use of a firearm was a direct response to officers finding the narcotics." *Id*. at 4. The government continues that although Mr. Phillips's actions after the USPOs found the drugs in his vehicle "*do* reflect his conscious of guilt," that is not in itself a reason to sever the charges because the jury is entitled to hear the complete universe of facts relating to each charge, even those facts that are unfavorable to the defendant. *Id*. at 5 (emphasis in original). Finally, the government argues that the introduction of Mr. Phillips's prior convictions does not require severance because those convictions should be admitted under Rule 404(b) and because they explain why federal probation officers were visiting his home on the day in question in this case. *Id*. at 6.

## DISCUSSION

The Court first finds that Counts 1 and 2 of the superseding indictment, charging Mr. Phillips with Felon in Possession of a Firearm and Ammunition and Possession With Intent to

Distribute 50 Grams or More of Methamphetamine, were properly joined under Rule 8 of the Federal Rules of Criminal Procedure. *See* Doc. 38. Rule 8 allows two or more offenses to be charged in the same indictment if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In the Tenth Circuit, Rule 8 is "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

The Court agrees with the government that Counts 1 and 2 were properly joined because they are "based on the same act or transaction"—namely, the events that allegedly took place in quick succession on November 15, 2019 when the USPOs arrived at Mr. Phillips's home to conduct a home visit. *See* Doc. 35 at 3–4. The Tenth Circuit came to a similar conclusion in *United States v. Barrett*, 496 F.3d 1079, 1096–97 (10th Cir. 2007), when it held that a defendant's charges were "based on the same act or transaction" because all three counts arose out of the same shooting incident that took place on a single day in 1999. *Id.* (rejecting misjoinder argument under Rule 8(a)); *see also United States v. Pietras*, 501 F.2d 182, 185 (8th Cir. 1974) (holding that the defendant's charge for Possession of an Unregistered Firearm was based on the "same transaction" as his charges for bank robbery because the firearm was found in the van that the defendant used to escape the robbery).

The fact that Counts 1 and 2 were properly joined under Rule 8 does not end the analysis, however, because they can still be severed under Rule 14 if their joinder would cause Mr. Phillips prejudice. *See* Fed. R. Crim. P. 14(a). Prejudice under Rule 14 is defined as "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539

(1993).  Rule 14 "does not require severance even if prejudice is shown," however, because it is in the sound discretion of the district court to prescribe the proper relief to be granted.  *See Zafiro*, 506 U.S. at 538–39.  The Tenth Circuit has similarly stated that "severance is a matter of discretion and not of right," and that the defendant accordingly bears a "heavy burden of showing real prejudice to his case."  *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted)); *see also United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007); *United States v. Espinosa*, 771 F.2d 1382 (10th Cir. 1985) ("a defendant must show that 'actual prejudice' resulted" from a trial court's decision to deny severance).  It is the defendant's burden to show that a denial of a request for severance would result in "actual prejudice" and not merely a better chance of acquittal in separate trials.  *See United States v. Trejo*, No. CR 18-1243-RB, 2018 WL 4684223, at *2 (D.N.M. Sept. 28, 2018) (unreported) (citing *United States v. DeLeon*, 323 F.R.D. 672, 686 (D.N.M. 2017)).

     Mr. Phillips's argument for severance under Rule 14 appears to be that trying Counts 1 and 2 together would prejudice him by allowing the jury to hear evidence that it would not hear if the alleged drug and firearm offenses were tried separately.  *See generally* Doc. 33.  That argument would be persuasive if the alleged offenses were unrelated and irrelevant to each other from an evidentiary standpoint.  The evidence presented suggests the exact opposite, however.  As the government argues, the evidence that Mr. Phillips ran into his home and put a gun to his head after the USPOs found the alleged drugs in his truck is highly relevant to the drug charge because it suggests a consciousness of guilt and could be viewed as an admission by Mr. Phillips that the USPOs had in fact found illegal drugs.  *See* Doc. 35 at 4.  And the evidence of the drugs found in Mr. Phillips's truck is relevant to the Felon in Possession charge because it goes to Mr. Phillips's motive for allegedly putting the gun to his head, a permissible use of "prior bad act" evidence

under Rule 404(b) of the Federal Rules of Evidence.  *See* Fed. R. Evid. 404(b)(2).  The drug evidence would also arguably be admissible in a separate trial on the Felon in Possession count as intrinsic *res gestae* evidence not subject to Rule 404(b) because it was "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of [it]."  *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) (citing *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994)).  Because all of the evidence in this case would likely be admitted even if Counts 1 and 2 were tried separately, the Court is not persuaded that a joint trial will cause Mr. Phillips prejudice.

      Nor does the Court believe that Mr. Phillips's trial on the drug possession count (Count 2) will be rendered unfair or unreliable by the introduction of his prior felony convictions to prove the Felon in Possession count (Count 1).  The Court has already ruled that the only convictions the government will be permitted to introduce are Mr. Phillips's prior state and federal convictions for Felon in Possession of a Firearm.  *See* Docs. 67 and 84.  If Mr. Phillips agrees to stipulate to the fact of his prior felony convictions and his knowledge thereof at the time in question in this case, that will further limit the information that the government can introduce.  *See Old Chief v. United States*, 519 U.S. 172 (1997).  The Court acknowledges that in many cases, this fact alone—that the defendant has a prior felony conviction—might be enough to warrant severance if the defendant's criminal history would be inadmissible in a separate trial on one of the counts.  But in the instant case, the fact of Mr. Phillips's criminal history will be unavoidably communicated to the jury by the evidence showing that several United States Probation Officers, three of whom are on the government's witness list for trial, were at Mr. Phillips's home on the day in question to conduct an unannounced home visit as part of his supervised release in an earlier case.  *See* Doc. 35 at 1; Doc. 74 at 1.  Because this evidence is a necessary and central part of the government's case on

5

the drug charge, severing the charges would not prevent the fact of Mr. Phillips's criminal history from getting to the jury. And because the jury will already be able to infer Mr. Phillips's criminal history from the presence of the federal probation officers at his home, allowing it to hear in a joint trial that Mr. Phillips does in fact have a prior felony conviction will not cause much, if any, additional prejudice.

The Court accordingly finds that Mr. Phillips has not shown that a joint trial on Counts 1 and 2 would cause him prejudice requiring severance under Rule 14. It therefore declines to sever the counts.

## CONCLUSION

For the reasons stated above, Mr. Phillips's Motion to Sever Counts [Doc. 33] is hereby **DENIED**.

Dated this 30th day of September, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE