IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Cr. No. 19-4440 MV

**NICHOLOUS PHILLIPS**,

      Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Nicholous Phillips, and the Defendant's counsel, Joe Romero:

## REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to plead not guilty, or having already so pleaded, to persist in that plea;

    b.     to have a trial by jury; and

    c.     at a trial:

        1)     to confront and cross-examine adverse witnesses,

        2)     to be protected from compelled self-incrimination,

        3)     to testify and present evidence on the Defendant's own behalf, and

      4)  to compel the attendance of witnesses for the defense.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3.  The Defendant agrees to waive these rights and to plead guilty to Counts 1-2 of the superseding indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924, that being a felon in possession of a firearm and ammunition, and a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute methamphetamine.

## **SENTENCING**

4.  The Defendant understands that the minimum and maximum penalty provided by law for a violation of 18 U.S.C. §§ 922(g)(1) and 924:

  a.  imprisonment for a period of not more than ten years, but if the Armed Career Criminal Act applies a minimum of fifteen years to life;

  b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c.  a term of supervised release of not more than three years to follow any term of imprisonment, but if the Armed Career Criminal Act applies not more than five years.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d.  a mandatory special penalty assessment of $100.00; and

  e.  restitution as may be ordered by the Court.

5. The Defendant understands that the minimum and maximum penalty provided by law for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A):

    a. imprisonment for a period of not less than ten years to life;

    b. a fine of up to $10 million;

    c. a term of supervised release of a minimum of five years to life;

    d. a mandatory special penalty assessment of $100; and

    e. restitution as may be ordered by the Court.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

8. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## **ELEMENTS OF THE OFFENSE**

9. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. §§ 922(g)(1) and 924, that being, felon in possession of a firearm and ammunition

    *First*: the defendant knowingly possessed a firearm or ammunition;

    *Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;

    *Third*: at the time of the possession, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    *Fourth*: before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being, possession with intent to distribute methamphetamine

    *First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

    *Second*: the substance was in fact methamphetamine;

    *Third*: the defendant possessed the methamphetamine with the intent to distribute it; and

    *Fourth*: the amount of the methamphetamine possessed by the defendant was at least 50 grams.

**DEFENDANT'S ADMISSION OF FACTS**

10.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the superseding indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On November 15, 2019, I was subject to federal supervision for my conviction in the District of New Mexico, cause no. 09-CR-3601-MV. When my federal probation officer came to my home to conduct a routine visit, she discovered methamphetamine and packaging materials inside of my backpack. I have been informed, and I do not contest, that the total amount of methamphetamine I possessed was 561.73 grams. I possessed this amount of methamphetamine to distribute and sell to others. Inside my home, law enforcement recovered 26 rounds of .40 caliber ammunition and two partially destroyed pieces that once belonged to a Glock model 23 .40 caliber handgun bearing serial number VZF110. I have been informed, and I do not contest, that the ammunition I possessed was manufactured in Nebraska and Illinois or Mississippi. I have also been informed, and I do not contest, that Glock firearms are manufactured in Austria. At the time I possessed these items, I knew that I had previously been**

5

**convicted of eight felony offenses and that I was not permitted to own or possess firearms or ammunition.**

11. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

12. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence of **15 years imprisonment** is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

   b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

**DEFENDANT'S ADDITIONAL AGREEMENT**

13. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of **15 years imprisonment** as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

17.     The Defendant agrees that the Defendant is the same person who was previously convicted of the following offenses, each of which was at the time of conviction punishable by imprisonment for a term exceeding one year:

      a.   *United States v. Nicholous Phillips*, 09-CR-3601-MV, Felon in Possession of a Firearm and Ammunition, District of New Mexico, February 16, 2012;

      b.   *State of New Mexico v. Nicholous Phillips*, D-202-CR-200602643, Aggravated Assault with a Deadly Weapon, 2nd Judicial District Court, March 13, 2007;

      c.   *State of New Mexico v. Nicholous Phillips*, D-202-CR-200602643, Tampering with Evidence, 2nd Judicial District Court, March 13, 2007;

      d.   *State of New Mexico v. Nicholous Phillips*, D-809-CR-200700092, Shooting from/into a Motor Vehicle, 8th Judicial District Court, March 12, 2008;

    e.    *State of New Mexico v. Nicholous Phillips*, D-809-CR-200700092, Possession of Firearm or Destructive Device by a Felon, 8th Judicial District Court, March 12, 2008;

    f.    *State of New Mexico v. Nicholous Phillips*, D-809-CR-200500018, Aggravated Battery, 8th Judicial District Court, March 18, 2008;

    g.    *State of Colorado v. Nicholous Phillips*, 04104-CR-000167, Possession of a Controlled Substance, 4th Judicial District Court, January 24, 2005;

    h.    *State of New Mexico v. Nicholous Phillips*, D-809-CR-200400019, Trafficking a Controlled Substance, 8th Judicial District Court, December 7, 2004;

    i.    The Defendant further agrees that the convictions listed above are valid and that he did not appeal them.

## WAIVER OF APPEAL RIGHTS

18.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance. However, this agreement **does** permit Defendant the limited right to appeal the district

9

judge's order entitled "Memorandum Opinion and Order" (Doc. 61), entered on July 13, 2020, which held that Defendant has three prior convictions for "violent felonies" within the meaning of the Armed Career Criminal Act, and he was therefore subject to be sentenced as an Armed Career Criminal upon conviction for the present offenses.

## GOVERNMENT'S ADDITIONAL AGREEMENT

19. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present superseding indictment.

   b. The United States will agree to RECOMMEND to the Court in cause no. 09-CR-3601-MV that any sentence it imposes for Defendant's pending supervised release violation run concurrent to the sentence imposed in this case.

20. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

21. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

22. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

23. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

24. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 22nd day of October, 2020.

JOHN C. ANDERSON
United States Attorney

_____
JAYMIE L. ROYBAL
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1413

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
JOE ROMERO
Attorney for the Defendant

_____
NICHOLOUS PHILLIPS
Defendant