IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

      Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER COURT'S PRIOR RULING ON APPLICABILITY OF ARMED CAREER CRIMINAL ACT**

The United States of America respectfully files this response to Defendant Nicholous Phillips' ("Defendant") "Motion to Reconsider Order Denying Defendant's Motion Objecting to the Applicability of the Armed Career Criminal Act (ACCA) Provision of 18 U.S.C. § 924" ("Motion"). Doc. 106.

During pretrial litigation, Defendant sought a ruling from this Court that he would not be eligible to be sentenced under the Armed Career Criminal Act ("ACCA") if he were to be convicted of the two offenses he ultimately pleaded guilty to, being a felon in possession of a firearm and possession with intent to distribute methamphetamine. *See* Doc. 34. The Court ruled that Defendant did in fact have three predicate felony convictions that were "crimes of violence" that therefore made him eligible to be sentenced under the ACCA if convicted in the present case: (1) aggravated battery with a deadly weapon (great bodily harm), (2) aggravated assault with a deadly weapon, and (3) shooting at or from a motor vehicle. *See* Doc. 61. The Court's decision primarily hinged on *United States v. Pam*, 867 F.3d 1191 (10th Cir. 2017). In *Pam*, the Tenth Circuit held that Defendant's prior conviction of shooting at or from a motor vehicle, in violation

1

of N.M. Stat. Ann. § 30-3-8(B), was a crime of violence and a predicate offense under ACCA. *See Pam*, 867 F.3d at 1211.

Since the Tenth Circuit decided *Pam*, and while this case has been pending sentencing, the Supreme Court issued its ruling in *Borden v. United States*, 593 U.S. ___ (2021). In *Borden*, the Supreme Court specifically addressed whether a prior conviction that involved a *mens rea* of recklessness would satisfy the ACCA's elements clause. *Id.* The Supreme Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." *Id.* at 23. In so doing, it specifically recognized *Pam* as a case that would be affected by its ruling. *Id.* at 3 n.1, 26-27 n.19. Based on the Supreme Court's clear ruling in *Borden*, *Pam* has been expressly overruled, and Defendant's prior conviction under New Mexico law for shooting at or from a motor vehicle no longer qualifies as a predicate offense for ACCA purposes.

      Respectfully submitted,

      FRED J. FEDERICI
      Acting United States Attorney

      /s/
      JAYMIE L. ROYBAL
      Assistant United States Attorney
      P.O. Box 607
      Albuquerque, N.M. 87103
      (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Joe Romero to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on June 29, 2021.

/s/
Jaymie L. Roybal
Assistant United States Attorney