IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Cr. No. 19-4440 MV

NICHOLOUS PHILLIPS,

    Defendant.

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

The United States of America respectfully files this response to Defendant Nicholous Phillips' ("Defendant") "Objection to Presentence Investigation Report and Motion for Downward Variance" ("Motion"). Doc. 108. In his Motion, Defendant objects to the Pre-Sentence Report ("PSR") insofar as it deems him to be subject to the Armed Career Criminal Act ("ACCA") and requests a downward variance to a sentence of ten years. *Id.* Because the United States has already detailed its position on the applicability of Defendant's ACCA eligibility (*see* Doc. 107), it will limit its discussion here to Defendant's request for a downward variance.

Prior to trial, the parties entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Doc. 97. Defendant entered his guilty plea in October 2020. Doc. 95. Defendant benefitted greatly from his plea agreement. Had he proceeded to trial and been convicted, his offense level would have been 36 (absent any adjustments) and his criminal history category would have been VI, subjecting him to an advisory sentencing guideline range of 324 months to 405 months. *See* PSR at ¶¶ 87-88. Instead, the parties agreed to a fixed term of 15 years.

A term of Defendant's plea agreement, which he signed and is binding, states:

1

> The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, *the Defendant agrees not to seek a downward departure or variance from the specific sentence of 15 years imprisonment as agreed to by the parties* pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

Doc. 97 at ¶ 16 (emphasis added).

Despite his explicit agreement not to do so, and despite the fact that he already benefitted greatly from the plea agreement (Defendant's guidelines range is 27 years to 33 years), he nonetheless makes the current request for a downward variance. The United States agreed not to seek a sentence within Defendant's guidelines range, a term of imprisonment he undoubtedly has earned. In exchange, Defendant agreed to a fixed term of 15 years. This issue is uncomplicated: a deal is a deal.

This Court should deny Defendant's Motion because he provides no basis for achieving the result he seeks through the present mechanism he utilizes. He seeks a 10-year sentence, and after having signed a binding plea agreement, the only way he can achieve that is if he asks that this Court to reject that agreement and instead proceed to sentencing without any agreement. For these reasons, the United States opposes Defendant's Motion.

        Respectfully submitted,

        FRED J. FEDERICI
        Acting United States Attorney

        /s/
        JAYMIE L. ROYBAL
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, N.M. 87103
        (505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Joe Romero to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on August 10, 2021.

/s/
Jaymie L. Roybal
Assistant United States Attorney