IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                                                                 No. 19-CR-4440-MV

NICHOLOUS PHILLIPS,

          Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF HIS OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD VARIANCE**

Defendant Nicholous Phillips ("Mr. Phillips"), by and through his counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully offers this Reply in support of his Objection to the Presentence Investigation Report and his Motion for Downward Variance as follows:

**I.    Mr. Phillips' requested relief was expressly and implicitly incorporated in the plea agreement.**

During plea negotiations in this case, defense counsel attempted, albeit unsuccessfully, to negotiate a plea agreement whereby Mr. Phillips could seek or advocate for a sentence less than the ACCA mandatory minimum fifteen (15) year sentence. On May 16, 2020, in his effort to challenge the applicability of the ACCA mandatory minimum sentence to his case, Mr. Phillips filed a Motion Objecting to the Applicability of the ACCA to his case (Doc. 34). On July 13, 2020, in a Memorandum Opinion and Order, the Court denied Mr. Phillips' Motion (Doc. 61).

On October 27, 2020, after the Court's denial of Mr. Phillips motion objecting to the applicability of the ACCA to his case, Mr. Phillips entered into a plea agreement, (Doc. 97). Based on the Court's prior ACCA ruling, Mr. Phillips understood that the ACCA mandatory

minimum fifteen (15) year sentence would apply in his case and he agreed to such sentence as part of his plea (Doc. 97 at ¶ 12).

The legal basis for this understanding was rendered inapplicable by U.S. Supreme Court's subsequent ruling in *Borden v. United States*, 593 U.S. ___ (2021). At the time of the entry of his plea agreement, Mr. Phillips was aware that the U.S. Supreme Court had granted *certiorari* in the *Borden* case and that *Borden*, once resolved, could impact Mr. Phillips' case. As a result, Mr. Phillips insisted, and the Government agreed, to the inclusion of the following language in the plea agreement:

> [T]his agreement **does** permit Defendant the limited right to appeal the district judge's order entitled 'Memorandum Opinion and Order' (Doc. 61), entered on July 13, 2020, which held that Defendant has three prior convictions for 'violent felonies' within the meaning of the Armed Career Criminal Act, and he was therefore subject to be sentenced as an Armed Career Criminal upon conviction for the present offenses.

Doc. 97 at ¶18.

The variance request filed by Mr. Phillips is a direct result of the subsequent change of law announced in *Borden* and is implicitly necessary for Mr. Phillips to receive the benefit of his bargain, which is the opportunity to request or seek a sentence less than the ACCA mandatory minimum sentence. The Court may "interpret the agreement according to the defendant's reasonable understanding of its terms." *United States v. Scott*, 469 F.3d 1335, 1338 (10th Cir. 2006)(citing *United States v. Hand*, 913 F.2d 854, 856 (10th Cir.1990); *United States v. Greenwood*, 812 F.2d 632, 635 (10th Cir.1987)). Further, the Tenth Circuit has long recognized that material terms of a plea agreement may be either express or implied. *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000)(citing *United States v. Martin*, 25 F.3d 211, 217 (4th Cir.1994)).

Mr. Phillips reserved his right to appeal the applicability of ACCA in his case for the sole purpose, simply stated, of preserving the opportunity to request or seek a sentence less than the

ACCA mandatory minimum sentence. Reserving his right to appeal the Court's ACCA ruling served no other purpose *except* to provide Mr. Phillips the opportunity to request or seek a lesser sentence if the ACCA mandatory minimum was determined to be inapplicable to his case. It is a basic canon of construction that contracts are interpreted by courts to avoid an absurd result. A successful appeal of the ACCA applicability does not, in and of itself, confer any benefit to Mr. Phillips – if it is not followed by the right of Mr. Phillips to request or seek a sentence less than the ACCA mandatory minimum. The means by which Mr. Phillips is requesting or seeking that lesser sentence is the Motion for Downward Variance.

Under a contract analysis, the Court may find that the opportunity to file downward variance was implied in the plea agreement. "[C]ontract principles govern plea agreements." *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004)(citing *United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199 (10th Cir.1997)). When an obligation of one party is necessary to effect the intention of an agreement, that obligation may be implied and enforced. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1112 (10th Cir. 2005). Here, by express agreement in the plea, Mr. Phillips reserved a right to appeal the applicability of the ACCA to his case. By so agreeing, the Court may imply the right of Mr. Phillips to file a variance to effectuate that right.

## CONCLUSION

WHEREFORE, for the reasons set forth above, and for the reasons set forth in Defendant's Objection to Presentence Investigation Report and Motion for Downward Variance, Mr. Phillips respectfully requests this Court consider and rule upon the pending Motion for Downward Variance previously filed in this case.

Respectfully Submitted,


By: */s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Nicholous Phillips
P.O. Box 25543
Albuquerque, N.M. 87125
(505) 843-9776
EM: joe@romeroandwinder.com


## Certificate of Service

    I hereby certify that, on August 24, 2021, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.