IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                                                                                          No. 19-CR-4440-MV

NICHOLOUS PHILLIPS,

                Defendant.

**DEFENDANT'S OBJECTION TO THE
SECOND ADDENDUM TO THE PRESENTENCE REPORT**

Defendant Nicholous Phillips ("Mr. Phillips"), by and through his counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully offers the following Objection to the Second Addendum to the Presentence Report:

**I.  Mr. Phillips right to move this court for a downward variance was bargained for and is an implied term within the Plea Agreement.**

The Second Addendum to the Presentence Report (Doc. 116), in its Sentencing Memorandum states that Mr. Phillips has "stipulated to a specific sentence of 15 years imprisonment." Mr. Phillips disagrees with this interpretation of the Plea Agreement (Doc. 97), and contends that the stipulated sentence was subject to a bargained right to move this Court for a downward variance. This position was briefed in his Reply in Support of His Objection to Presentence Investigation Report and Motion for Downward Variance (Doc. 110).

In sum, specific language was included in the Plea Agreement to allow for the limited appeal of the ACCA's applicability to Mr. Phillips. This limited right was agreed upon specifically for the purpose of challenging the ACCA's applicability in the event that *Borden v. United States*, 141 S.Ct. 1817 was decided favorably for Mr. Phillips. Subsequently, *Borden* was

decided favorably to Mr. Phillips, such that ACCA is inapplicable to him. In a Memorandum to the Court, the U.S. Probation Office has conceded the inapplicability of the ACCA to Mr. Phillips (Doc 115). In sum, Mr. Phillips limited appeal right that was included in the Plea Agreement would be rendered meaningless without a limited right to proffer a motion for a downward variance. To make sense of the Plea Agreement as a contract, it is necessary to imply the limited right to request a downward variance in light of *Borden* as a material term of the Agreement.

Mr. Phillips did not unconditionally stipulate to the 15-year sentence, but instead stipulated to such sentence on the condition that ACCA was applicable to his case. Because this condition and material fact no longer applies, Mr. Phillips requests that the Court allow the Plea Agreement to remain in effect and allow the Court to consider Mr. Phillips' Motion for a Downward Variance.

**II.     Alternatively, Mr. Phillips requests that this Court allow him to withdraw from the Plea Agreement.**

Should the Court disagree with Mr. Phillips' position set forth above and in his Reply in Support of His Objection to Presentence Investigation Report and Motion for Downward Variance, Mr. Phillips respectfully requests this Court allow him to withdraw from his plea, at which time he would enter a plea "without paper." Under Fed. R. Crim. P. 11(d)(1), a defendant may withdraw from a guilty plea "before the court accepts the plea, for any reason or no reason[.]" The Plea Agreement has not yet been accepted by the Court, and acceptance was deferred by the Magistrate to the District Court. *See* Doc. 95. Because the Court has not accepted the Plea Agreement, Mr. Phillips alternatively moves this Court to allow his withdrawal of the plea.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Mr. Phillips respectfully requests this Court to find that he has not unconditionally stipulated to a fifteen-year term of imprisonment and impose a downward variance for which Mr. Phillips has previously moved this Court, or in the alternative to allow the withdrawal of Mr. Phillips guilty plea.

Respectfully Submitted,

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Nicholous Phillips
P.O. Box 25543
Albuquerque, N.M. 87125
(505) 843-9776
EM: joe@romeroandwinder.com

## Certificate of Service

I hereby certify that, on November 9, 2021, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

/s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.